* PASCHAL BEQUETTE, RESPONDENT, *v.* H. A.   [278]
CAULFIELD, APPELLANT.

[1] EJECTMENT ON PRIOR POSSESSION.—Possession gives a right of action against a mere trespasser, even where title may be shown to exist in another.

IDEM—RIGHTS, HOW DEFEATED.—Where a party can show nothing but prior possession, that reliance may fail, if it be shown that he voluntarily abandoned his possession, without the purpose of returning.

APPEAL from the Sixth Judicial District.

Ejectment.   The defendant, in the year 1850, was in possession of the lot, which was situated in the City of Sacramento.   One R. A. Pearis, in August of that year, commenced proceedings before a Justice of the Peace, to get possession of the lot.   Pending the action, the defendant was put in prison for participation in the squatter riots; and while there, the defendant said to Pearis, that he wanted to have nothing more to do with the property, and that Pearis might take possession of it, which Pearis accordingly did, and afterwards sold to Beirne; and the agent of Beirne gave plaintiff a bond for a deed, and put him in possession.

The defendant soon afterwards got into possession of the premises; and this action was brought to recover them from him.

The instructions of the Court upon the points noticed in the opinion, were in favor of the plaintiff.

The verdict was for the plaintiff, and judgment being entered accordingly, the defendant appealed.

*Crocker, McKune & Robinson,* for Appellant.

*Botts & Emmett,* for Respondent,

[1]Approved in *Bird* v. *Lisbros,* 9 Cal. 5; *Gregory* v. *Haynes,* 13 Cal. 595.   Cited in *Hubbard* v. *Barry,* 21 Cal. 325; *Richardson* v. *McNulty,* 24 Cal. 348; *Turner* v. *Aldridge,* 1 McAll. 232.   See *Hutchinson* v. *Perley, ante,* 38; *Hicks* v. *Davis, ante,* 67; *Plume* v. *Seward, ante,* 94; *McMinn* v. *Mayes, ante* 209.

Mr. Justice HEYDENFELDT delivered the opinion of the Court. Mr. Ch. J. MURRAY concurred.

We have often held, that possession is evidence [279] of title; but *it is equally true, that possession gives a right of action against a mere trespasser, even where title may be shown to exist in another. So, where a party can show nothing but a prior possession, that reliance may fail, if it be shown that he voluntarily abandoned his possession without the purpose of returning.

In this case, Caulfield's first claim of possession was answered by the allegation of abandonment, and the jury found against him. Then his present possession is that of a trespasser, if Bequette's possession was prior to it. So the jury found, after it was fairly left to them.

Judgment affirmed.