## STEPHENS *v.* MANSFIELD.

Plaintiff was in possession of a tract of land (a part of the public domain of the United States) under a deed of purchase from another, who at the date of the deed was also in possession, which deed was duly recorded ; and after being so possessed for several months, he made a verbal sale of the land to one H, for the consideration of $600 ; and H, after remaining in possession for two years, sold the premises to defendant : *Held,* that plaintiff's transfer of the land to H did not amount to an abandonment.

There can be no such thing as an abandonment of land in favor of a particular individual, and for a consideration.

Abandonment must be made by the owner, without being pressed by any duty, necessity or utility to himself, but simply because he desires no longer to possess the thing ; and further, it must be made without any desire that any other person shall acquire the same.

Where plaintiff had possession under a deed duly recorded, and the defendant having entered with notice of, and in subordination to, plaintiff's title, cannot be permitted to deny it in an action of ejectment.

APPEAL from the District Court of the Eleventh Judicial District, County of El Dorado.

This was an action of ejectment, for a lot in Placerville.

From the findings of the Court it appears, that in 1852, plaintiff purchased the premises in question from one Jane A. Shearer, who was in possession ; that his deed was recorded, and that he remained in possession under it for some months, when he made a verbal sale of the lot to one Alex. Hunter, for the sum of six hundred dollars, to be paid thereafter, with interest at the rate of two or three per cent. per month ; that in July, 1853, about three hundred dollars of the purchase money was paid by Hunter, and the balance has not been paid ; that Hunter put valuable improvements on the lot and occupied it, claiming to be owner for about two years, when he sold to defendant.

The Court below gave judgment for defendant, upon the ground that the land in dispute was a part of the public domain of the United States, and that the act of the plaintiff in transferring the possession to Hunter amounted to abandonment of his interest in the premises.

*Robinson & Beatty* for Appellant.

1. The Court below erred in treating a verbal sale of land as an abandonment.

2. The judgment is inconsistent with the facts found, and erroneous.

*Sanderson & Hewes* for Respondent.

The points upon which respondent relies are briefly as follows:

1. That the verbal contract between Hunter and Stephens conferred a valid title.

2. That if that contract was within the statute of frauds, and consequently void, that Stephens must be presumed to have and actually did abandon all right to the lot long before we became the possessors of it.

The bargain, sale or arrangement made between Hunter and Stephens, transferred Stephens' rights to the lot to Hunter.

The plaintiff cannot deny the recitals of the deed from Jane Shearer; he claims under it. That deed admits the fee of the lot to be in the United States; besides the " Settler's Act " presumes it to be public land; the pleading and proof establish that fact. In 1852, then, Stephens was a mere occupant of the land; had simply the right of possession; was a tenant at will of the United States.

" The occupancy of the public lands of the United States constitutes a tenancy at will." Duncan *v.* Potts, 5 Ala. 82.

" The interest of a tenant at will in real estate is not such an interest as can be assigned; an agreement to transfer such interest is not therefore within the statute of frauds." Whittemore *v.* Foster, 4 N. H. 484.

" A verbal sale of a pre-emptor's claim to improvements, to a purchaser who takes immediate possession, confers a valid title." Bledsoe *v.* Cains, 10 Texas, 455.

The Legislature have treated " possessory claims to public lands " as personal property, and so declared it.

In 1853, the Legislature provided for mortgages " upon possessory claims to public lands, all buildings and improvements on such lands, all quartz claims, and *all other such personal property, &c.*" Comp. Laws. 711.

True, that this Court, in Winans *v.* Christy, 4 Cal. R. 70, says that defendants in ejectment are not permitted to show that the fee of the land is in the United States. But in Anderson *v.* Parker, 6 Cal. R. 197, they very clearly intimate, if they do not expressly hold a dif-

ferent doctrine.    And Winans *v.* Christy does not apply to this case ;
the *defendant* does not offer to show that the fee is in the United
States ; the plaintiff does that when he introduces his deed.

Again : Hunter and Stephens treated Stephens' interest in the lot
as personalty.    We conceive that an agreement between parties will
be presumed valid, as amounting to a binding contract, if such pre-
sumption violates no rule of law.

We submit also, that if the agreement between Stephens and Hun-
ter is susceptible of such a construction, that the subsequently acquired
rights to the lot by innocent third persons can be preserved, that that
construction will be given to it; and in this connection we are brought
to an examination of the second point, or the question of abandon-
ment.    The District Judge bases his opinion and decision of the case
solely upon this point, and we deem it unnecessary to more than
refer the Court to his opinion.

Every circumstance in the case shows that Stephens gave up, aban-
doned, left (without the intention of returning) the lot to Hunter.

" The inference of abandonment may arise from a single act, and
determines the right of property from the day of the act."    Davis *v.*
Butler, 6 Cal. 510.

" Where a party can show no title but a prior possession, that will
fail, if it be shown that he voluntarily abandoned his possession without
the intention of returning."    Bequette *v.* Caulfield, 4 Cal. 278.

We think that the case of Moore *v.* Small, 9 Barr, 194, recognizes
the doctrine, that one *may for a consideration abandon* an inchoate
right to land.

This case was decided at the July Term, 1858, but was suspended
by a petition for a new hearing, which was denied at the subsequent
April Term.

TERRY, C. J., after stating the facts, delivered the opinion of the
Court—FIELD, J., concurring.

We think the ruling of the Court below clearly erroneous.    Admit-
ting the interest of plaintiff in the premises such as could be divested
by abandonment, there can be no such thing as abandonment in favor

of a particular individual, or for a consideration. Such act would be a gift or sale. An abandonment is " the relinquishment of a right, the giving up of something to which we are entitled." Bouv.

" Abandonment must be made by the owner, without being pressed by any duty, necessity or utility to himself, but simply because he desires no longer to possess the thing; and further, it must be made without any desire that any other person shall acquire the same; for if it were made for a consideration it would be a sale or barter, and if without consideration, but with an intention that some other person should become the possessor, it would be a gift." *Ib.*

Stephens transferred the possession to Hunter for the consideration of six hundred dollars; this fact is entirely inconsistent with the idea of abandonment.

The question as to the ownership in fee of the land in controversy could not arise in this action. Plaintiff had possession under a deed duly recorded, and the defendant, having entered with notice of, and in subordination to plaintiff's title, cannot be permitted to deny it in this action.

Judgment reversed and cause remanded.