## McGARRITY v. BYINGTON et al.

The grounds of a motion for a nonsuit must appear in the record, otherwise this Court will not consider such motion.

Where a subscribing witness to a bill of sale is out of the State, and the proof is, that witness saw subscribing witness put his name to it, and saw grantor sign it, and recognizes the paper from hearing it read—not being able to read himself—and another witness testifies that the signature of the subscribing witness is in his handwriting, this is sufficient evidence to identify the paper and authorize it to be read in evidence.

A subscribing witness, who is called to prove the execution of the instrument, who testifies that it was signed in his presence, "to the best of his recollection," is sufficient to allow it to be read in evidence.

Before reversing the judgment of the Court below, on the ground that a certain paper was admitted in evidence, which was irrelevant to the issue joined, this Court will require the irrelevancy clearly to appear. Some facts should be adduced showing that the admission of the paper had an undue influence upon the verdict of the jury.

Where the original records of mining claims of a certain district have been destroyed by fire, and the miners, by a resolution subsequently passed, required the claims to be re-recorded in a new book, such book may be admitted in evidence in the trial of an ejectment case for a mining claim, to show that the rules of vicinage had been complied with.

A Constable's deed under an execution sale of the premises in controversy, where the execution was against a third party, cannot be read in evidence in an ejectment suit unless title is shown in the defendant in execution at the time of the levy and sale, or the counsel offering it connects it in some way with the issue between the parties to the suit. Where a paper is *prima facie* irrelevant, counsel offering it must show how it is admissible.

The right in a mining claim vests by the taking in accordance with local rules.

In the absence of any custom or local regulation, the right of property, once attached in a mining claim, does not depend upon mere diligence in working such claim. The failure to comply with *any one* mining regulation, is not a forfeiture of title. It would be enough to hold the forfeiture as the result of a noncompliance with *such* of them as make a noncompliance a cause of forfeiture.

It is not the making of improvements or expending of money on another's property which entitles the person so expending to hold the property as against the owner, or even the improvements; but it is the fraud of the owner, who silently, or otherwise, encourages the expenditure. But this fraud only exists, at the very most, where the owner knows that the other person is making the expenditures, and also knows that he makes them under the *bona fide* reasonable belief that he is the owner of the property.

Work done outside of a mining claim, with intent to work the claim, to be considered by intendment as work done on the claim, *must have* direct relation and be in reasonable proximity to it.

McGarrity v. Byington.

Where the evidence is conflicting, this Court will not reverse an order of the Court below refusing a new trial.

The mere fact that a verdict is entitled in the name of the plaintiff and one of the defendants is immaterial. It need not be entitled at all.

APPEAL from the Fourteenth District, County of Sierra.

This was an action of ejectment for the recovery of mining claims. The complaint alleges that plaintiff was seized, possessed, etc., of the premises in controversy, and that on the first day of June, 1857, defendants entered, etc., and ejected him (plaintiff), and continue to withhold possession of said premises from plaintiff, and prays restitution.

The answer admits the possession of defendants, but justifies under a claim of prior possession. The cause was tried by a jury.

On the trial, Samuel Thomas, a witness for the plaintiff, was shown a certain bill of sale from Day to the witness, Thomas, for an undivided interest in the premises in dispute; Thomas testified as follows : " I recognize Day's signature. Clark, who witnessed the bill of sale, has gone to the States. I saw Clark witness it ; saw Day sign it. I can't read writing.    *    *    *    I can identify the bill of sale only by its reading the same as the one given to me."

E. S. Lester was then called by the plaintiff, and testified that the signature of Clark to the bill of sale " is his true signature, to the best of my knowledge."

Plaintiff then offered the bill of sale in evidence, and it was admitted, under the objection of defendants.

J. C. Lester, a witness for plaintiff, was shown a deed of conveyance of the premises in dispute from Irwin, Thomas and McGarrity to E. S. Lester, and testified as follows : " I signed my name to this paper as subscribing witness. I don't know who signed the name of Thomas or McGarrity ; think Irwin wrote them ; don't know whether Irwin signed it in my presence, or not ; don't know that Thomas or McGarrity made their marks in my presence ; but to the best of my recollection they did."

Plaintiff then offered the deed of conveyance in evidence, which was admitted under the objection of defendants.

The paper mentioned in the opinion of the Court as Exhibit E, is a contract between the Meredith Mining Company, of the first part, and McGarrity, (plaintiff) of the second part, for the privilege and right of way by plaintiff through a tunnel of the Meredith Mining Company, near the plaintiff's claims, for the purpose of draining the claims in dispute.   This paper bore date June 8th, 1858.   For what purpose it was offered in evidence does not appear from the record, but probably for the purpose of showing, on the part of the plaintiff, that he had worked the claims in dispute.   Defendants' counsel objected to the introduction of the paper in evidence upon the ground of irrelevancy. The Court overruled the objection, and the instrument was read in evidence.

Plaintiff then proved, for the purpose of laying the foundation for the introduction in evidence the record book of mining claims, that the original record of mining claims in that district was destroyed by fire ; that plaintiff's claims were recorded in it ; that after the destruction of the original records, the miners by a resolution required claims to be re-recorded ; that one Clark was Recorder, and the record book in Court was in his handwriting.   The plaintiff then offered the book in evidence.   Defendants objected, upon the ground that it was not the original record, and was not proven to be a true copy.   The objection was overruled, and the book admitted in evidence.   At the close of the plaintiff's testimony, the defendant moved the Court to nonsuit plaintiff ; motion was denied by the Court.

Counsel for the defendants offered in evidence a deed executed by one Ray, as Constable, to the defendant Byington, conveying the premises to Byington by virtue of a levy and sale under an execution against James M. Cobb & Co.   There are no facts stated in the record showing the relevancy of this deed to the question at issue.   No title was shown in Cobb & Co. at the time of levy, nor was there any offer to show title in them at any time.   The plaintiff asked the Court to give to the jury, among others, the following written instruction :

"5th. If the jury believe from the evidence, that plaintiffs have a better title to the ground in dispute than defendants have, they must find for plaintiffs."   This instruction was given under the objection of the defendants.

The defendants asked the Court to give to the jury, among others, the following written instructions :

" 7th. If the jury believe, from the evidence, that the mining ground in dispute could have been worked by running a drain tunnel from a point below the same, and that the plaintiff, or those under whom he claims, failed to use due diligence in commencing or prosecuting such work, or if the plaintiff, or those under whom he claims, has failed to comply with any usage or custom of said mining district, in locating or working said claims, then they must find for the defendants."

" 11th. If McGarrity, or his grantors, knowingly though silently, by looking on, suffered the defendants, or those under whom they claim, under a mistaken claim of title, to expend money and perform labor for the purpose of opening or working the claims in dispute, then he or they are estopped from setting up any claim against the defendants, and in such case the jury must find for the defendants."

" 13th. That all efforts made and work done outside of the limits of the claims in dispute, with a *bona fide* intent to work the claims, are justly considered as work done upon the claims by relation and intendment."

The Court refused to give these instructions, and defendants excepted.    Plaintiff had verdict and judgment, and defendants appealed to this Court.

*R. H. Taylor* for Appellants.

*Vanclief & Stewart* for Respondent.

BALDWIN, J., delivered the opinion of the Court—FIELD, J., concurring.

Ejectment for mining claims.

Many points are made by the appellants.    We shall consider them very briefly :    1st. That the Court improperly refused to nonsuit plaintiff.    The answer is, the grounds of the motion do not appear ; therefore we cannot consider it.    (10 Cal. 267.)    2d. Error in the admission of bill of sale from Day to Thomas.    Clark, the witness to the bill, was out of the State.    Thomas swears he saw Clark witness it, and saw Day, the grantor, sign it ; true, he says, on cross-examina-

tion, that he cannot read, but recognized the paper from the contents read to him: but Lester swears, that the signature of Clark, the subscribing witness, is in his handwriting. The proof, then, identifies the paper as that which Thomas saw the grantor and subscribing witness sign. This was enough to admit it to be read. Exhibit B is proved by Lester sufficiently. It is true the witness says it was signed in his presence, "to the best of his recollection"; but this is enough. The other objection to admission of papers need not be stated. It suffices to say that the points made against their introduction are not well founded.

We do not see that Exhibit E was irrelevant; nor, if it were, that the error in admitting it was calculated to mislead the jury. Before reversing a judgment for this cause, the point should be clearly made out, even if any objection on this score be good, which does not show that the proof improperly admitted tended to or might probably unduly influence the jury. Many things are admitted in the course of a long trial which have no relation to the merits of the case, and yet it might not be proper to reverse a case because they were suffered to go in. The agreement shows an attempt by plaintiff to get possession of and work the premises in dispute on the day defendant got his title, and though not sufficient of itself to show actual possession, or a right of possession, yet shows a fact, which, in connection with other proof, tended to prove the *bona fides* of plaintiff's claim, or notice of it by defendant.

The record of the claim, made after the old records had been burned, was admissible, if for no other purpose, as showing that the regulations in that respect had been complied with. It may not have been competent, in this way, to prove the claim, but it was competent to prove that the claim of plaintiff had been recorded according to the rules of the vicinage.

The Court did not err in refusing to admit the deed from Ray to Byington. Ray was not shown to have anything to do with the premises or the controversy. *Prima facie* the deed was irrelevant. The rule in such cases is, that the counsel must explain *how* the testimony is admissible, or offer to connect it; otherwise there would be no limit to testimony as to quantity or kind. Not having done this, the Court had a right to reject it.

As to the instructions, the record does not show all the instructions; and it is very questionable whether we could, in such a case, consider the particular ones brought before us in review, as they may depend in a very great degree upon the rest. But we proceed to consider them. The fifth is, that if the jury believe the plaintiff has better title to the ground in dispute than the defendants, they must find for the plaintiff. It is true, in ejectment the plaintiff must recover on the strength of his own title, but here the charge must be taken in connection with the case. There was no outstanding title, and only a question of prior possession. The charge did not amount to much, but what there was of it was very harmless. It amounted to telling the jury to find for the plaintiff if they thought they ought to.

The seventh instruction was properly refused. Especially in the absence of any custom or local regulation, a right of property, once attached in a mining claim, does not depend upon *mere* diligence in working it. Not to work it may be a circumstance of some weight, tending to show abandonment, and this abandonment of a claim resting for validity only on possession, may be sufficient to defeat the title. But this principle is wholly different from that invoked. This is not inconsistent with the doctrine in Kimball *v.* Gearhart, which was the case of a ditch; in which case we held the right to depend upon the prosecution of a purpose to appropriate. The right of a mining claim vests by the taking in accordance with local rules. Nor is the other portion of the requested charge better sustained. The failure to comply with *any one* of the mining rules and regulations of the camp is not a forfeiture of title. It would be enough to hold the forfeiture as the result of a noncompliance with *such* of them as make noncompliance a cause of forfeiture.

The rule of estoppel invoked by the eleventh instruction, requested to be given, is too broadly stated. It is not the making of improvements, or expending of money on another's property, which entitles the person so expending to hold the property, or even the improvements; but it is the fraud of the owner, who silently, or otherwise, encourages the expenditure. But this fraud only exists, at the very most, where the owner knows that the other person is making the expenditures, and also knows that he makes them under the *bona fide* reasonable belief

that he is the owner of the property.    Several of these important elements of this doctrine are left out of the charge.

The thirteenth instruction asked " that all efforts made and work done outside of the limits of the claim in dispute, with a *bona fide* intent to work the claims, are justly considered as work done upon the claims by relation and intendment." This charge is not very clearly expressed; but the proposition cannot be maintained as stated.   To have the effect attributed, the work done *outside* must have some direct relation to the claim, or be in reasonable proximity to it.    Besides, the phrase " all efforts made outside of the claim" would include many things, such as negotiations, traveling, preparations for work, contracts and the like, which could in no sense be said to be work done *on* the claims.   If the proposition can be maintained, that work done in the immediate neighborhood of the claims, with the intent to work them, is equivalent to working on the claims, (which we do not admit) yet it is impossible to hold that *all* work, of every sort, done at any distance from the claims, and efforts of every sort, so made, are equivalent to labor done on the claims, even if we could assign a definite meaning to the words " by relation and intendment," which qualify the principle.

We are asked to review the evidence, for the purpose of overruling the order refusing a new trial.    We have looked at it, and find that it is conflicting.    We do not interfere in such cases ; and *in no class of* cases coming before us do we feel so much reluctance as we do in this class, to interfere with the verdict of the jury and the supervising discretion of the presiding Judge.

There is no substantial error in the verdict and judgment.    The mere fact that the verdict is entitled in the name of the plaintiff and one of the defendants is immaterial.    It need not have been entitled at all.

The judgment is affirmed.