Richardson v. McNulty et als.

# JOHN W. RICHARDSON v. THOMAS McNULTY, JAMES BRADY, JOHN FURLONG, M. FURLONG, JOHN DOOLY, P. CODY, M. CODY, H. F. NICHOLS, JOHN SHARP, JOHN KIRK, M. SAFFON, AND S. NOLAND.

MINING CLAIM—ABANDONMENT.—In an action to recover possession of a mining claim, where the defense is an abandonment of the claim by the plaintiff, the judgment roll in an action brought by the plaintiff against third parties to recover possession of the same ground, and in which plaintiff recovered judgment, is admissible in evidence to rebut the presumption of abandonment.

SAME—INSTRUCTIONS.—In such case the Court should guard the jury, by proper instructions, from giving the judgment any weight as evidence, except upon the question of abandonment.

MINERAL LANDS—OCCUPANTS OF.—The public mineral lands of this State are open to the appropriation of any one, and the one first occupying any portion of the same makes it his by the act of occupancy, and once his, it continues his until he manifests his intention to part with it in some manner known to the law.

SAME.—The occupant may part with his interest by selling it, or giving it to another, or by any other mode authorized by law, or he may abandon it.

ABANDONMENT—WHAT CONSTITUTES.—An abandonment can only take place where the occupant leaves the land free to the appropriation of the next comer, whoever he may be, without any intention to repossess or reclaim it for himself, and regardless and indifferent as to what may become of it in future.

SAME.—When an abandonment takes place, a vacancy in the possession is created, and without such vacancy no abandonment can take place.

SAME.—If the possession of the occupant be continued in another, by the expression of a wish or desire of the occupant to another that he succeed to the possession, and he thereupon takes possession, a gift is the result—there is no vacancy in the possession, and, consequently, no abandonment.

SAME.—A mere wish or desire of the occupant, when he leaves the possession, that another may next occupy, without being communicated to that other person, and assented to by him, and accompanied by a transfer of possession, does not amount to a gift.

ERRONEOUS INSTRUCTION.—If an erroneous instruction is given to the jury, the judgment will be reversed, unless it appear from the record that the appellant was not prejudiced thereby.

MINING CLAIMS.—In actions to recover possession of mining claims located on the public lands, the doctrine that the plaintiff, if he recover at all, must recover on the strength of his own title, has no application, for neither party has any legal title.

SAME.—In such actions, where prior possession is relied on by the plaintiff, the defendant cannot justify his entry by showing the true title outstanding.

APPEAL from the District Court, Seventeenth Judicial District, Sierra County.

The facts are stated in the opinion of the Court.

*Vanclief & Bowers*, and *Niles Searls*, for Appellants.

To rebut the evidence proving abandonment, plaintiff offered to show that he had sued some third persons (Donahue and Westfield) for his claim. Will he be allowed to do it? Would it not be equally proper to allow him to show that he had privately informed Donahue and Westfield—"*or any other men*"—that he intended to hold his claim. The second point made by us is, that the Court erred in instructing the jury that an abandonment must be made without any desire that any particular person should acquire the property; and that if such desire exists, the transaction might be considered a gift. This instruction is supposed to be in accordance with the opinion of the Court in *Stephens* v. *Mansfield*, 11 Cal. 365; but we contend that it is not. In that case, Stephens transferred the possession of a lot in Placerville to defendant's grantor, for a consideration of six hundred dollars. Here was a delivery of possession for a consideration, with the plain intention of conveying the title. The Court held that this transaction did not and could not constitute an abandonment. This is all that was decided by the Court, and all that could be considered authoritative. True, the Court quoted a loose definition from Bouvier's Law Dictionary, for which we can find no authority which contains the words of the instruction to which we object. Portions of this definition seem to us to be not only without authority, but squarely opposed to some of the elementary rules of the law. To constitute a gift, there must be a delivery and acceptance of the possession. (*Noble* v. *Smith*, 2 John. 52; *Grangiac* v. *Arden*, 10 John. 293.)

But this instruction says that the mere *desire* of the party leaving a mining claim that some particular person should acquire it, might constitute a gift without delivery or acceptance of possession, or even any communication of such desire.

But the most objectionable feature of the instruction is that it precludes any abandonment in all cases where this desire exists. Now, we understand that if a party lease a mining claim, voluntarily, with the intention of never returning to it,

or repossessing it, he abandons it, even though he may *desire* that some particular person may acquire it.

If the rule contained in the instruction is to prevail, no abandonment can be made out in any case where the party alleged to have abandoned will swear that he even secretly desired that some particular person should acquire the property.

The third and last assignment is, that the Court erred in instructing the jury that "if plaintiff has shown a right in himself to the property in dispute, then, however weak his title appears, he must recover, if it be better than defendant's title."

We think this instruction opposed to the rule of law which requires the plaintiff in ejectment to recover, if at all, on the strength of his own title. (*Roe* v. *Harvey*, 4 Bur. 2,484; *Parker* v. *Baldwin*, 11 East. 494; *Covert* v. *Irwin*, 3 S. & R. 287; *Williams* v. *Ingell*, 21 Pick. 289.)

In the last case above cited Mr. Chief Justice Shaw says: "It is difficult to perceive from the documents and other evidence furnished by the case that either party has given any very satisfactory evidence of good title. It becomes necessary to see who has the burden of proof, and to apply the familiar maxim of the law applicable to such a case. In a controverted question of title, the plaintiff is bound to make out his case by satisfactory proof, and he must recover by the strength of his own title—not by the weakness of his adversary's; *potior est conditio defendentis.* The question, then, is whether the plaintiff has established a good title."

In *McGarrity* v. *Byington*, 12 Cal. 431, a similar instruction was assigned as error. The Court admitted the instruction was bad, but undertook to show that it did no harm, as both parties relied on *prior possession alone*, no outstanding title appearing, and as all the instructions did not appear on the record.

*Johnson & Williams*, and *Creed Haymond*, for Respondent.

The judgment roll in the case of *J. W. Richardson* v. *Donahue & Westfield*, was admissible for two reasons.

Because the fact that Richardson, the plaintiff in this action, died on the 8th day of November, 1860, commenced and carried on, down to the day before the commencement of this action, a suit for the recovery of the very piece of property in dispute, was the very best evidence that he had not abandoned during that time his interest therein.

It was both an act and declaration of the highest character, showing that no intention existed of abandoning or giving up the property.

Defendants occupied the position of intruders, giving no evidence of title in themselves.

Professor Walker, in his work on American Law, pages 306 and 307, says : " One of the elementary principles in the action of ejectment is, that the plaintiff must rely solely upon the strength of his own title, and not upon the weakness of the defendant's title. The reason is, that actual possession is *prima facie* evidence of title, and gives the occupant a right against every person who cannot show, not simply a better, but a good title. If, however, the person in possession be a mere intruder, he is not permitted to question the validity of plaintiff's title unless the latter was also a mere intruder ; for any shadow of right in the plaintiff will be sufficient against mere possession without right. The first step, then, is for the plaintiff to exhibit a sufficient title ; and until he does this, the defendant may rely simply upon his possession without further proof. But when this is done, the defendant must meet it by showing a better title, either in himself or a third person."

By the Court, SANDERSON, C. J.

This is an action of ejectment to recover an undivided sixteenth interest in a certain mining claim, situated in the County of Sierra. The defense mainly relied upon is abandonment. On the trial, the plaintiff offered in evidence the judgment roll in a certain action brought by him against one Donahue & Westfield to recover the same interest sued for in this action, to which the defendants were not parties or privies. The judg-

ment roll was admitted by the Court under the exception of the defendants.   Touching the effect of the judgment roll as evidence, the Court instructed the jury as follows:

" None of the defendants in this action were parties to the action in which Richardson was plaintiff and Donahue & Westfield were defendants; and the papers in the last named action which have been introduced in evidence in this case do not tend to show that the plaintiff herein has title to the ground in dispute as against the defendants in this action; and the defendants in this action are not bound by any order, judgment, or decree rendered in said action of *Richardson* v. *Donahue & Westfield.*   The jury, however, in considering the other question of abandonment, may take into consideration the fact that such suit was brought by Richardson in determining the intent of the party."

For the purpose for which it was received by the Court, the judgment roll was clearly admissible.   The fact that Richardson had, long prior to the commencement of the present action, brought another suit to recover the same ground against other parties who were then in possession and claiming it adversely to him, and had prosecuted it successfully to final judgment, was strong evidence, if not conclusive, upon the question of abandonment.   The fact could not be proved more satisfactorily than by a production of the record itself.   The fact that, unexplained, it might mislead the jury upon some other question involved in the case, does not affect its admissibility.   In such a case it is the duty of the Court to guard against any unlawful effect, as was done in the present instance, by proper instructions to the jury; and if the Court fails to do so, it is the duty of counsel to ask instructions to that end.

The next error assigned is as to an instruction given by the Court, in the following words, viz:   " The abandonment must also be made without any desire that any particular person should acquire the property, for if such desire exist, the transaction might be construed a gift."

This is but part of a long instruction upon the question of abandonment, given by the learned Judge of the Court below,

remarkable for its clearness of diction and soundness in principle, and to which no other objection is made. The sentence above quoted appears to be based upon the authority of *Stephens* v. *Mansfield*, 11 Cal. 365, and it is claimed by counsel for appellants that the opinion in that case, so far as it gives sanction to this definition of abandonment, is mere *obiter dictum*. In that case the plaintiff, Stephens, was in possession of a town lot in the City of Placerville, part of the public domain, under a deed from another, who was in possession at the time the deed and possession of the lot was given. After remaining in possession under his deed for some months, Stephens made a verbal sale of the lot, for six hundred dollars, to one Hunter, who occupied for about two years, and sold to the defendant, Mansfield. It was claimed by the defendant that the transaction between Stephens and Hunter amounted to an abandonment of the lot in favor of the latter; but the Court held otherwise, and that " admitting the interest of the plaintiff in the premises such as could be divested by abandonment, there can be no such thing as abandonment in favor of a particular individual or for a consideration. Such act would be a gift or sale."

It is true, as contended by counsel for the appellants, that so far as the case of a gift is concerned, this decision goes outside of the facts; but, upon principle, there is no difference between the act of selling and the act of giving, so far as their effect as evidence upon a question of abandonment is concerned. If the gift be complete—that is to say, if the thing given be delivered, and accepted by the donee, a transfer is the result, which transfer as much precludes the idea of abandonment as a transfer resulting from a sale. No question of abandonment can arise where a transfer has been had by the act of two parties. To an abandonment of the character involved in this and all similar cases, there can be but one party. The mining ground in controversy, before it was occupied by the plaintiff, so far as the right to mine the same by parties without title is concerned, (and this is true of all the public mineral land of the State,) was *publici juris*, and

Richardson *v.* McNulty *et als.*

open to the appropriation of any one desiring it.    By the act of occupancy, the plaintiff made it his, and manifested his intention to do so.    Once his, it continues his until he manifests his intention to part with it in some manner known to the law.    He may sell it, or give it to another, or transfer it in any other mode authorized by law, (thereby preserving the continuity of possession,) or he may abandon it.    In doing the latter he must leave it free to the occupation of the next comer, whoever he may be, without any intention to repossess or reclaim it for himself in any event, and regardless and indifferent as to what may become of it in the future.    When this is done, a vacancy in the possession is created, and the land reverts to its former condition, and becomes once more *publici juris*, and then, and not until then, an abandonment has taken place.    There can be no abandonment except where the right abates, and ceases to exist.    If it be continued in another, by any of the modes known to the law for the transfer of property, there has been no abandonment, for the right, first acquired by the occupancy still exists, although vested in another, and the continuity of possession remains unbroken. But the occupant cannot continue his right in another by the mere act of volition; nor is his right kept alive by a mere desire that it may become vested in a particular person.    Such a volition or desire does not amount to a gift, for there can be no gift without an acceptance.    If the wish or desire is expressed to the person in whose behalf it is entertained, and thereupon he occupies the land, a gift is the result, and the transfer is made complete—and not otherwise.    The mere wishes and desires of the occupant are only effectual to preserve the right in himself, and not to transmit it to another; and the case of *Stephens* v. *Mansfield*, so far as it can be fairly construed to go beyond the views here expressed, is not law.

From what has been said, it follows that the charge in question, so far as it instructs the jury that there can be no abandonment where the transaction amounts to a gift, is correct, but that it is erroneous so far as it instructs them that leaving the claim, with a desire that a particular person may acquire

it, might be construed to be a gift.    The error is in the defini-
tion of a gift, rather than in that of an abandonment.

It only remains to be seen whether the error, such as it is,
could have affected the verdict of the jury to the prejudice of
the defendant.    The general rule is, that where an erroneous
instruction has been given, the judgment must be reversed,
unless it appear from the record that the appellant has not
been prejudiced thereby.    The testimony upon which, as the
appellants claim and admit, this instruction was founded, is to
the effect that while the plaintiff was absent at Frazer River,
he had a correspondence with one Cody about the claim, in
which Cody asked him to send him (Cody) a bill of sale of the
claim, and he would " keep up the claim for him ;" that there-
upon, after consulting a lawyer as to whether Cody, under such
circumstances, could hold the claim as against him, he sent
Cody a bill of sale, but that the same was never received by
Cody.    It also appears from another part of the testimony,
that Cody had offered to pay the assessment levied by the com-
pany upon the plaintiff's interest, but the Secretary refused to
receive the money from Cody, upon the ground that he had no
authority to receive it from any one but the plaintiff.    This
was evidently done with a view to work a forfeiture and sale
of the plaintiff's interest under the by-laws of the company,
and doubtless induced Cody's application for the bill of sale.

How it can be claimed that this evidence tends to establish
an abandonment, we are unable to perceive.    In our judgment,
its tendency is directly the reverse, and the Court would have
been justified in refusing to give any instructions founded upon
such a theory, as calculated to mislead a jury.    And, had the
verdict been different, we are inclined to think that the plain-
tiff, on appeal, would have been entitled to a reversal on that
ground.    Giving the instruction greater purpose than is claimed
for it by appellants, and assuming that the charge, in effect,
instructs the jury that they cannot find an abandonment from
the facts disclosed in the evidence, no error, in our judgment,
has been committed.    It follows that the instruction, in
view of the evidence upon which it was founded, and as to

the legal effect of which it was given, could not have oper-
ated to the prejudice of the appellants, and that, therefore,
they are not entitled to a reversal upon that ground.

The next and last error assigned is found in the following
instruction : " If the plaintiff, however, has shown a right in
himself to the property in dispute, then, however weak his
title appear, he must recover if it be better than the defend-
ant's title." This is but one clause in the instruction upon
the question as to what title or right the plaintiff must prove
in order to recover ; and in determining its force and effect it
must be considered in connection with that portion immedi-
ately preceding, which is as follows : " The defendants being
in actual possession of the ground in dispute, then, although
they have no right there whatever, yet the plaintiff cannot,
from that circumstance alone, recover in this action, for the
rule of law is that he must recover, if at all, upon the strength
of his own title. In other words, the plaintiff must show a
right in himself, although there be none in the defendants."

In *McGarrity* v. *Byington,* 12 Cal. 426, which was an
action like the present, to recover a mining claim, an instruc-
tion, in substance the same as that to which the appellants
except, was given, and came before the late Supreme Court
for review, and Mr. Justice Baldwin said : " It is true, in
ejectment the plaintiff must recover on the strength of his
own title ; but here, the charge must be taken in connection
with the case. There was no outstanding title, and only a
question of prior possession. The charge did not amount to
much, but what there was of it was very harmless. It
amounted to telling the jury to find for the plaintiff if they
thought they ought to."

It is insisted that the present case differs from that of
*McGarrity* v. *Byington,* because, as is claimed, it involves an
outstanding title. There may be an attempt to raise a ques-
tion of that kind, but under numerous decisions of the late
Supreme Court no such question can be made in an action of
ejectment in which the plaintiff, as in the present case, relies
solely upon prior possession, and the defendant fails to connect

himself in any manner with the outstanding title. (*Bequette* v. *Caulfield*, 4 Cal. 278; *Bird* v. *Lisbros*, 9 Cal. 1; *Hubbard et al.* v. *Barry*, 21 Cal. 321.) In this case only a question of possession is involved. The naked prior possession of the plaintiff is pitted against the naked present possession of the defendants. Strict title is not involved. The doctrine that the plaintiff must recover upon the strength of his own title is applied to cases where the strict legal title in contradistinction from a mere possession, is involved. In such a case the defendant may defeat the legal title, relied upon by the plaintiff, by showing the true legal title to be in a third person. But, where mere prior possession is relied on, and the defendant is a mere intruder, he cannot justify his act by showing the true title to be outstanding. Ejectments for mining claims where neither party has, strictly speaking, any legal title, but both, in strict law, are intruders upon what belongs to another, are mere contests for possession, and their solution is only embarrassed by an attempt to adhere to language only adapted to cases where the strict legal title to land is involved. Such ejectments might be more properly called actions to determine the right to mine in a certain locality. Practically, the real question involved in all such cases is, which, as against the other, has the better right to mine the land in question. Generally, the solution of this question depends in a great measure upon the rules and regulations of the mining district in which the ground is located, established by the miners themselves, and not unfrequently its just solution is prevented, rather than aided, by an adherence on the part of counsel and Courts to a phraseology hardly applicable, when the character of the right involved is considered. That portion of the charge under consideration which is objected to by the appellants, taken in connection with what immediately precedes it, states the general propositions governing this class of cases correctly. More apt words might have been employed, but we cannot for that reason reverse the judgment. If it is deficient in any respect, it is because it does not state what, in such cases, constitutes the better right, or "title,"

as the Court terms it. If the Court had said, in connection, that the prior possession of the plaintiff, if proved to their satisfaction, was better than the subsequent possession of the defendants, there would have been no room for criticism.

All the testimony which was given upon both sides is embraced in the statement, and we are satisfied therefrom that no injustice has been committed, and that, upon the whole case, the verdict of the jury was right, and the judgment ought to stand.

Judgment affirmed.