## JOHN COCHRAN *v.* DAVID COLLINS.

SIXTH SECTION OF CONSOLIDATION ACT OF SAN FRANCISCO.—The clause in the sixth section of the Act of 1862, amending the Consolidation Act relating to San Francisco, allowing the owners of the major part of the frontage of lots liable to be assessed for street improvements to take a contract at the price awarded without having put in a bid, means in those cases where a small street terminates in a principal street, the owners of the major part of the frontage on the principal street.

COMPLETION OF STREET CONTRACT IN SAN FRANCISCO.—The owner of a lot sued for street improvements in San Francisco cannot show in defense that the contractor did not perform the work according to his contract, if the Superintendent of Streets has accepted the work as completed. His remedy is an appeal from the decision of the Superintendent to the Board of Supervisors.

RESOLUTION TO DO WORK ON A STREET IN SAN FRANCISCO.—Under the provisions of section three of the Act of 1862, the Mayor of the City and County of San Francisco is not required to sign a resolution of the Board of Supervisors declaring their intention to improve a public street.

ASSESSMENT FOR STREET IMPROVEMENTS ASSIGNABLE.—A demand by a contractor against the owner of a lot in San Francisco for an assessment on the lot for street improvements, is assignable.

APPEAL from the District Court, Fourth Judicial District, City and County of San Francisco.

The Mayor of the City and County of San Francisco did not sign the resolution of the Board of Supervisors declaratory of their intention to construct the sewer.

The owners of the major part of the frontage of lots on Fifth street, the street improved, took the contract, and plain-

17

tiff sued as the assignee of their demand for the assessment. Plaintiff recovered judgment, and defendant appealed.

The other facts are stated in the opinion of the Court.

*John Lord Love*, for Appellant.

*Brooks & Whitney*, for Respondent.

By the Court, SAWYER, J.

This is an action to recover an assessment made for constructing a sewer on Fifth street, between Folsom and Howard streets, in San Francisco, under the provisions of the Consolidation Act, as amended in 1862. Under section six of the Act of 1862, "the owners of the major part of the frontage of lots and lands liable to be assessed for said work" are authorized to elect to take the contract at the price awarded without having put in a bid. Section eight, subdivision one, provides that the expense of the improvement "shall be assessed upon the lots and lands fronting thereon," except as thereinafter provided, "in proportion to frontage." And it is thereafter, in subdivision seven, provided, that where a small street terminates in another street, the expense of the work on one half the width of the (main) street—that is to say, one half the expense of the work on the principal street—opposite the termination of the small street, "shall be assessed on the lots fronting on such small street." (Laws 1862, p. 391–393.) The question is whether, under these provisions, the major part of the owners fronting on the principal street—that is to say, the lots fronting on the improvements—are authorized to take the contract; or must it include the major part of the owners on both the main and the small street terminating in it. We think, upon comparing subdivisions one and seven of section eight with section six, that the obvious intention was to allow the major part of the owners in frontage of lots fronting on the improvement to take the contract. The small street terminating in the larger, under these provisions, is regarded as a lot chargeable with one half the improvement

in front of the end at the termination, the same as the lot on the other side of the large street fronting the termination is charged with one half. Although for the purpose of making the improvement, and apportioning the expense upon the lands fronting on it, the small street is regarded as other lots, yet as it belongs to the public, and the property owners fronting on it are benefited by the improvement of the main street, the portion primarily chargeable upon the street fronting on the improvement is subdivided and distributed upon the owners of lots fronting on the small street. We think the contract properly let to the major part of the owners of lots fronting on Fifth street.

The point that the work was not done according to contract is disposed of by the cases of *Emery* v. *Bradford, ante,* 75, and *Walsh* v. *Mathews, ante,* 123.

The third point made is answered by the last clause of section three of the Act of 1862 amending the Consolidation Act. (Laws of 1862, p. 392–393.) There is no force in the point made upon the assignment.

Judgment affirmed.

Mr. Justice Currey and Mr. Justice Rhodes expressed no opinion.