JOHN H. BAIRD et al., Respondents, v. CHARLES P. DUANE et al., Appellants.

## No. 1872; June 15, 1869.

**Jury—Challenge for Cause.**—Error in Refusing to allow a challenge for cause is not prejudicial if the party, although forced thereby to use a peremptory challenge, has a peremptory challenge to spare when the jury is completed.

**Appeal—Error in Admission of Evidence.**—To show that an irrelevant question was asked is not enough on appeal; it must appear that it was answered, and how it was answered, before it can be held that incompetent or irrelevant testimony was admitted; and it is by the record that this must be made to appear.

**Trial.**—The Order in Which Testimony is to be Received is a thing entirely within the discretion of the trial court to determine.

**Evidence—Description of Land—Deed.**—In support of a complaint in which a description of land occurs, a deed may be introduced wherein the description does not correspond with the other description, provided evidence aliunde is forthcoming to show that both descriptions apply to the same land.

**Evidence.**—Declarations of Parties in Possession Explanatory of the possession are always admissible, unless for some cause they are incompetent witnesses.

**Trial—Objections to Evidence—Exceptions.**—If a ruling admitting an answer to a question over objection appears not to have been excepted to, it is presumed on appeal to have been acquiesced in.

**Witnesses—Examination.—Counsel Enjoy No Right to Take a Witness** out of the hands of opposing counsel during examination; it is only at the discretion of the court that this is allowed, and a refusal to allow it is not error.

**Trespass—Declarations of One Wrongdoer.**—On the question of a trespass all persons entering under any certain one are concluded by his declarations and statements, and these should go to the jury with appropriate instructions.

**Trial—Explanation of Purpose of Testimony.**—Testimony proper intrinsically may be improper prima facie, in which case counsel, when seeking to introduce it, may explain the purpose to the court. If by neglecting to do this he allows the court to rule it out ignorantly, he cannot complain afterward.

**Trespass.—Although the Plaintiff, in Prior Possession, is Himself a Trespasser,** the defendants are not permitted to show the fact to justify the later trespass imputed to them.

**Pleading.—If a Defendant Would Avail Himself of a Law Passed Since** the joinder of issue in the case, he must file a supplemental answer.

**Evidence—Surveys.—In an Action Involving Land, Evidence** on the part of the defendant tending to show that a survey made at his instance was an official survey may be rebutted by the plaintiff with evidence to the effect that no official survey has been made.

APPEAL from Fourth Judicial District, San Francisco County.

Wilson & Crittenden for respondents; Cook, Bennett & Owen for appellants.

SANDERSON, J.—This is an action to recover the possession of land. The case was tried with a jury. The verdict was for the plaintiffs. The defendants moved for a new trial, which was denied. The defendants have made a number of points, which we shall consider very briefly in the order in which they have been presented.

1. If the court below erred in not allowing the challenge for cause to the juror Brownstone, the error was without prejudice. He was subsequently challenged peremptorily, and the defendants were not prejudiced by being compelled to use one of their peremptory challenges in his case, for they had a peremptory challenge left after the jury had been formed and accepted.

2. Whether the court erred in overruling the defendant's objection to the questions put to the witness Byfield, as to what knowledge he had of exhibit "B"—the Gardiner survey —and how he came to employ Curry to build the fence, we are unable to determine. The statement fails to show what answers were made by the witness to either question. If the defendants were prejudiced, the prejudice came from the answers and not the questions. Without the answers of the witness, in such cases, the bill of exceptions, or statement, as the case may be, is incomplete and fatally defective. To show that an irrelevant question was asked is not enough. It must also appear that the question was not only answered, but how it was answered, before we can say that incompetent or irrelevant testimony was admitted. We have heretofore held that to render objections of this character available, the record must show that some evidence was admitted from which the law would infer injury or prejudice: People v. Graham, 21 Cal. 265; People v. White, 34 Cal. 183; Treat v. Reilly, 35 Cal. 129.

3. The deed from Moore to Byfield was properly received in evidence. If it be true, as claimed by counsel, that up to the time it was offered no proof had been made of possession or title in Moore, that circumstance constituted no valid objection to its admission. It is true that the court, in the exercise of its discretion, might have excluded the deed until after proof of the grantor's title, but the court in its discretion might also admit the deed first. The order in which testimony shall be received is always in the discretion of the court. Nor was the fact, if so, that the description in the deed did not correspond with the description in the complaint any valid objection to its admission. Although the descriptions may have been different, yet they may have described the same land, and it was competent for the plaintiffs to show by evidence aliunde that both descriptions applied to the same land: Began v. O'Reilly, 32 Cal. 11; Reamer v. Nesmith, 34 Cal. 624.

4. The objection to the admission of the deed from Smith to Byfield rests upon the same grounds, and, therefore, admits of the same answer. Without referring specially to the testimony, however, it is sufficient to say generally that there

was introduced during the trial evidence as to the titles of both grantors sufficient to justify the admission of both deeds.

5, 6, 7. These points all relate to the proof of declarations made by different parties while in possession of the land in suit. The declarations were explanatory of their possession, and tended to show that they were in under the plaintiff's grantors. Such declarations are always admissible, independent of the question whether the parties by whom they were made are themselves competent witnesses. The objections were frivolous, and ought not to be pressed in this court.

8. The answer of the witness Sweeney to the question as to the condition of the fences six weeks before the trial could have had no appreciable effect. He evidently had taken no special notice of the fence, and so stated, but were it otherwise, no exception was taken to the testimony, and counsel must, therefore, be presumed to have acquiesced in its admission: Turner v. Tuolumne County Water Co., 25 Cal. 397.

9. The objections made to the admission of the notice from Coggswell v. Schaadt that the former had sold to plaintiffs and that the latter must attorn to them, and to the question as to what Schaadt said when the notice was shown to him, are unsubstantial. The objection to the notice was the general one, that it was incompetent and irrelevant, and was grounded upon the assumption that there was no testimony in the case tending to show that Coggswell and Schaadt stood in the relation of landlord and tenant. We think there was. The answer to the question as to what Schaadt said is not given, and the objection is, therefore, so far unavailable, for reasons already given in answer to the second point.

10, 11. These points are frivolous. They relate to the right of one party to interpose and take a witness out of the hands of the other while under examination. No such right exists, except in the discretion of the court, and for the court to refuse to allow it to be done is not error.

12. The testimony of Von Schmidt as to what Ross said to him in a conversation at the house at Lake Honda was certainly competent as against Ross or his representative, Mrs. Ross. If the court erred at all in connection therewith it was in directing the jury not to consider the testimony as affecting any of the defendants except Mrs. Ross. The plaintiffs claimed that all the defendants were trespassers, and that Ross

was the pioneer, and the other defendants subsequently joined him in his raid upon their premises. This claim, on their part, was not without a substantial foundation afforded by the testimony. If the other defendants entered under Ross, they were bound by his declarations and statements, and we think the plaintiffs were entitled to go to the jury with their case upon that theory, under proper instructions from the court to the effect that the other defendants could not be affected by the statements, unless for the reason suggested.

13. The testimony of O'Keefe as to the arrangement made by him, as agent for the plaintiffs, with Ross was not hearsay. On the contrary, it was the testimony of the identical party by whom the arrangement was made. The objection to the testimony on the score that it was uncertain and indefinite as to time and as to the land, in respect to which the arrangement was made, is, if possible, still less substantial.

14. Under the circumstances in which the question as to his health, on his arrival in the state in 1860, was put to the defendant Duane while on the witness-stand, we think there was no error on the part of the court in not allowing him to answer. In the midst of his examination as to the material issues in the case his counsel abruptly asked him: "What was the condition of your health when you arrived in 1860?" Up to the time this question was asked nothing had appeared to give it pertinence. Counsel now say that it was the first of a series which they intended to ask for the purpose of explaining why Duane had neglected for two or three years after his return to the state to look after or take possession of this land. We think, with counsel, that his delay for so long a time to take any steps to obtain possession of this land, if he had any claim to it, was a circumstance calculated to cast some doubt upon the existence of such a claim, and, therefore, stood in much need of explanation. If the delay was caused by ill-health, he should have been allowed to prove it, and doubtless would have been, had counsel taken the same care to inform the court below of the object of the question which has been taken in this court. Prima facie the question was irrelevant. Counsel made no explanation, but allowed the court to rule upon it in ignorance of their object. It frequently happens that the pertinence of a question is not obvious from its terms, or, in other words, that it appears

to be irrelevant until explained by counsel. Where such is the case, counsel cannot be allowed to complain of the ruling of the court excluding the testimony until after they have explained their object, and such an explanation comes too late in this court.

15. It was not error to exclude the proceedings of the circuit court of the United States confirming her pueblo claim to the city of San Francisco. That, under the circumstances of this case, a defendant cannot defeat a recovery by proof of an outstanding title has been decided too often to admit of further question. Where both parties are trespassers, the defendant cannot obviate the consequences of his own trespass by showing that the entry of the plaintiff was also a trespass. The present possession of the defendant must yield to the prior possession of the plaintiff. "If it were otherwise," as stated by Justice Burnett in Bird v. Lisbros, 9 Cal. 5 [70 Am. Dec. 617], "and a mere trespasser upon the prior actual possession of a party could justify by showing the true title outstanding in a third person, no party to the suit, then a prior possessor might never gain any repose by virtue of his adverse possession, and could never gain a title under the statute of limitations": See, also, Piercy v. Sabin, 10 Cal. 22. 70 Am. Dec. 692; Richardson v. McNulty, 24 Cal. 339; Carleton v. Townsend, 28 Cal. 219; Hubbard v. Barry, 21 Cal. 325; Harris v. McGregor, 29 Cal. 129. The idea suggested by counsel that persons in the possession of pueblo lands are there by the license of the law and the proceedings referred to does not change the result. If we assume that they are in by license, the license is to the prior possessor, and not to a mere intruder upon his possession. The license, like the grant which is presumed in the case of mines, is to the first appropriator: Coryell v. Cain, 16 Cal. 567.

16. Assuming—a point we do not decide—that the act of Congress of the 8th of March, 1866, entitled, "An act to quiet the title to certain lands within the limits of the city of San Francisco," offered in evidence by the defendants, conferred upon the city of San Francisco something which she did not previously possess, it was properly excluded, for the reason given for the exclusion of the proceedings of the circuit court of the United States, and for the further reason that the act was passed long since the issues in this case were joined.

If the defendants claimed under it, they should have filed a supplemental answer to that effect: McMinn v. O'Connor, 27 Cal. 246; Moss v. Shear, 30 Cal. 472; Barstow v. Newman, 34 Cal. 90; Hestres v. Brennan [37 Cal. 385] and Bagley v. Ward [37 Cal. 121, 99 Am. Dec. 256], present term; Hardy v. Johnson, 1 Wall. (U. S.) 374, 17 L. Ed. 502.

17. Under this point counsel have grouped several objections interposed to evidence introduced by the plaintiffs in rebuttal of the case made by the defendants. It is claimed that the evidence was not only not responsive to the defendant's case, but would have been irrelevant and incompetent at any other stage of the trial. In our judgment counsel fail to establish the first proposition. The principal object of the testimony was to controvert the testimony of Duane to the effect that he had caused a survey of the land to be made in 1850. The testimony offered in rebuttal went to show that no official survey was made, and it is claimed that the defense had not pretended that the survey made by Duane was official, and that hence, the testimony in no particular tended to rebut or contradict the testimony of Duane in that respect. It is undoubtedly true, as stated by counsel, that Duane had not in direct terms testified to an official survey, but we think with counsel for the plaintiffs that his testimony was calculated to leave the impression upon the minds of the jury that the survey as to which he had testified was official. If so, the plaintiffs were entitled to show, if they could, that no official survey had been made. That such was the character of Duane's testimony is best shown by the following quotation from the transcript: "The witness Duane further testified that he had known Dickinson, the surveyor, before he had employed him on the night of the 3d of May, 1850, when he slept with several others on sofas in witness' house in this city; that it was in the latter part of the summer of 1850, when he employed Dickinson to survey; that he (Dickinson) was at that time connected with the city and county surveyor's office; he (Dickinson) was then a deputy of Williams M. Eddy, then the city and county surveyor; and that he (Duane) then found him (Dickinson) in Mr. Eddy's office and employed him to make the survey; that he (Dickinson) owed the witness five hundred dollars, and he (Duane) paid him one hundred dollars, in cash, besides, for

the survey; that they visited the land one day on horseback and surveyed it on the next; the survey only occupied two hours.'' Whether Duane intended that the jury should understand that his survey was official, and therefore of record, and therefore beyond contradiction, matters not. His language, uncontradicted, certainly admitted of such an inference, and the plaintiffs were entitled to draw it, and, by rebutting it, throw discredit upon the whole of Duane's testimony. We think the plaintiffs were entitled to rely upon the legal presumption that Dickinson, if he had been employed to make a survey under the circumstances detailed by Duane, while acting as the deputy of the city and county surveyor, would have acted in official good faith toward his principal, and would have reported the survey and accounted for the fees, and not have made the survey on unofficial or private account. To show, in view of this presumption, that Dickinson did not report the survey in accordance with the usage and custom of the office to which he belonged was to prove facts from which the plaintiffs were entitled to argue to the jury that the statement of Duane that Dickinson had made a survey was a fabrication. Taken with the further facts, which were also proved in the same connection, that the actual cost of an official survey would have been only one hundred and fifty dollars to two hundred dollars, instead of six hundred dollars, as stated by Duane, and that it would have occupied a day instead of two hours, as stated by him, and with a multitude of other circumstances disclosed by the record, to which we have neither time nor inclination to refer, a very strong case was made against the truth of the testimony given by Duane, and we have no doubt as to the right of the plaintiffs to thus attack his testimony.

18, 19. To discuss the motion for a nonsuit or the question whether the verdict is sustained by the evidence would involve the review of nearly three hundred printed pages of testimony. We have no inclination for such a task, nor do we conceive it to be our duty to engage in so profitless an undertaking. It is sufficient to say that, in our judgment, this is not a case for a nonsuit nor for setting aside the verdict for the cause assigned by counsel.

20, 21, 22. These points relate to certain instructions given upon the request of the plaintiffs. It is sufficient to say that

the record fails to show that any exception was taken by the defendants. Such being the case, they are not open to review: Hicks v. Coleman, 25 Cal. 122, 85 Am. Dec. 103; Wilkinson v. Parrott, 32 Cal. 105.

23. The instruction asked by the defendants to the effect that the plaintiffs had admitted an outstanding title, and, therefore, could not recover, was properly refused, for the very substantial reason that no such admission is shown by the record.

Judgment and order affirmed.

We concur: Crockett, J.; Sawyer, C. J.; Rhodes, J.; Sprague, J.