## PRESTON v. KEYS et al.

It is not error in a Court to refuse an instruction asked, which assumes a certain fact to exist, respecting which evidence has been introduced before the jury.

Where the evidence is conflicting the Appellate Court will not reverse the order of the Court below denying a new trial.

APPEAL from the Seventh Judicial District, Marin County.

The facts are stated in the opinion of the Court.

W. Skidmore, for Appellant.

John Reynolds, for Respondent.

CROCKER, J. delivered the opinion of the Court—NORTON, J. concurring.

This is an action to recover damages caused by cattle driven into the plaintiff's inclosed field by the defendants.    It appears that the plaintiff had an outside fence which inclosed about six hundred and sixty-seven acres of land, with some smaller inclosures inside of it. While the outside fence was in process of construction, and before it was completed, the defendant Murphy and one Kehoe erected a

house upon a spot now within the large inclosure of the plaintiffs. Afterward Kehoe filed a claim in the County Recorder's office, under the Possessory Act of this State, for a tract of one hundred and sixty acres of land, which was within this large inclosure, and included the house above spoken of. Afterward Kehoe sold his interest in the land to the defendant Murphy. The plaintiff has resided and pastured cattte within the large inclosure ever since the fence was built. The action was tried by a jury, who returned a verdict for the plaintiff, upon which a judgment was duly entered in his favor, from which the defendants appeal.

On the trial, the Court refused to give the following instruction, asked for by the defendants, to wit: "If the jury believe that the land now inside of Preston's fence was, previous to June 1st, 1857, when Kehoe built his house, used as a common for the pasture of all the cattle of the neighborhood, and that Kehoe took possession and built a house before Preston inclosed it, the fact that Preston afterward built a fence which took in Kehoe's house will not operate to give Preston the exclusive possession and benefit of the inclosure; *but the inclosure caused by the fence will continue as much for the benefit of Kehoe and his assigns as for Preston, because Preston's fence does not divide the possession of the two.*" The first part of this instruction is correct; but the last part, in italics, is incorrect, and therefore there was no error in refusing the instruction as asked for. Kehoe had no right, title, or interest in the fence built by Preston, nor was he entitled to use it, or claim any benefit from it. So, too, the conveyance of the tract of land by Kehoe to Murphy conveyed no right to, or interest in, this fence built by Preston.

The Court also refused to give the following instruction asked for by the defendants, to wit: "If Kehoe was the first in possession of the land on which he built his house, the fact that Preston afterwards built a fence which took in the land on which Kehoe's house was built will not debar Kehoe and his assigns from the benefit of pasturage around his house, because the fence does not segregate Preston's possessions from the possessions of Kehoe." The record shows that one question raised by the plaintiff at the trial in the Court below, and respecting which he introduced evidence, was as to an alleged abandonment by Kehoe of his claim to the house and

land.    That question was a pertinent one to the case ; for if this possession or claim of Kehoe's had been in fact abandoned, all right to the premises in him or his assignee fell with it, and the defendants could not set up that possession as a defense to this action. This instruction, as asked for by the defendants, entirely ignores this question of abandonment.    The mere fact that Kehoe was first in possession of the tract claimed by him did not establish a right claimed under it long afterwards, unless that possession was continuous and had not been abandoned.    There was, therefore, no error in denying the instruction as thus framed.

The following instruction, asked for by the defendants, was also refused, to wit : " If the jury believe that Kehoe was prevented from complying with the statute in relation to maintaining possessory actions on public lands by the action of Preston in pulling down his house, and hauling off the materials, and interfering with him, then the jury will find for the defendants in the same manner as though the statute had been complied with."    This instruction is objectionable, because it assumes as a fact that Preston had pulled down Kehoe's house and hauled off the materials.    This was one of the facts respecting which evidence was given, and it was the province of the jury to determine from the evidence whether such were the facts or not ; and it would have been improper for the Court to give an instruction virtually assuming that such facts had been proved.

The action of the Court in not permitting a witness to testify that the plaintiff admitted to him that the land in question was public land, was not prejudicial to the defendants, as the Court afterward instructed the jury, at the defendants' request, that " all lands in this State are presumed to be public lands of the United States until the contrary is made to appear."    The second instruction which was refused, although the rule of law respecting possession was not as fully and accurately stated as it should have been, was substantially correct, and there would have been no impropriety in giving it.    Still there does not seem to have been any question that the plaintiff's outside fence constituted an inclosure within the rules of law, at the time of the alleged trespass on which this action is founded.    The Court gave other instructions, defining what consti-

tuted actual possession and what did not, so that the defendants suffered no injury by the refusal to give this particular one.

The last ground urged by the appellants is, that the verdict was contrary to evidence. The evidence is conflicting in this case, and it was therefore proper for the jury to determine the facts. The verdict has been sustained by the Court in refusing to grant a new trial on this ground. Under these circumstances we do not deem it necessary to enter into an examination of the testimony to determine whether we might have decided differently, sitting as a Judge or juror at the trial.

The judgment is affirmed.