JOHN T. BRADLEY, *et als.*, APPELLANTS, *v.* S. W. LEE, RESPONDENT.

INSTRUCTION TO THE JURY.—It is not necessary that a single instruction, given for the purpose of presenting the law upon a point arising upon more than one fact, should contain all the qualifications and provisions that would be necessary if no other instructions were given; and if, in other instructions, the jury are charged with the inquiry concerning those qualifications and provisions, in other portions of the charge, it is sufficient.

IDEM.—An assumption in instructions to the jury which, from admissions and in the condition of the evidence in the case, was not productive of any injury to the appellant, furnish no ground of error.

IDEM.— On the trial of a mining case, the language of an instruction to the jury, "open and subject to appropriation under the local usages of the district," does not necessarily imply that a mining claim in the actual possession of a person may be re-located by another person, if the person in possession has not taken the necessary steps to give him the constructive possession of the claim.

LOCAL MINING LAW.—The true interpretation of the mining usage in the County of Nevada, is, that work to the value of one hundred dollars, or twenty days of faithful labor performed on a claim, or on any one of a set of adjoining and contiguous claims, owned by the same party, is sufficient to hold the same for one year.

*Per* SPRAGUE, J., dissenting:

INSTRUCTIONS TO A JURY.—An instruction which assumes as a fact established one of the issues tendered by the pleadings, or which assumes that an outstanding title or right of possession in a third person will defeat the plaintiffs' right of recovery against the defendant, in a mining suit, is error.

ACTION FOR MINING CLAIMS.—The rule in actions of ejectment, where the strict legal title is litigated, that proof by the defendant of an outstanding title in a stranger will defeat recovery by plaintiff, does not prevail in actions to recover mining claims.

IDEM.—In such actions, where the plaintiff relies on prior possession, it is necessary for the defendant to connect himself with the outstanding title to render it effectual against the plaintiff.

INSTRUCTIONS TO JURY.—It is error to submit to the jury, upon the evidence, the construction of an admitted custom which had been determined by the Court in a previous instruction, as the latter instruction has the tendency to nullify or destroy the effect of the first, and to confirm the jury upon a material question.

APPEAL from the District Court of the Fourteenth District, Nevada County.

The case is stated in the opinion.

*John W. Dwinelle,* for Appellant.

The fifth instruction was erroneous in several respects:

*First*—It assumed that the said modifications of the mining laws had been adopted before the time of the alleged forfeiture of the original locators was said to have operated; whereas the instruction should have been accompanied with the qualification, "provided the said modified laws were previously, and at the time, in force." (*Table Mountain* v. *Stranahan,* 31 Cal. 387.)

*Secondly*—It assumes that the requisition of one hundred dollars in value, or twenty days of faithful labor upon the location by the Empire Company of said claims, in conjunction with other claims held by them, and lying immediately contiguous thereto, was sufficient to hold all of said claims; whereas the true construction is, that one hundred dollars in value, or twenty days in labor must be expended, or worked out, *for each respective claim;* although, if the claims are contiguous, the *whole aggregate amount* may be worked out on any one of the contiguous claims for the benefit of the whole.

*Thirdly*—It assumes, conclusively, as a matter of fact, that a location by the Empire Company enured as a defence to the defendant; whereas the statement shows only that evidence was given *tending to show* that the defendant, in ejecting said locators, acted as the agent of the Empire Mining Company. The charge, therefore, assumed to decide one of the questions of fact which was in issue before the jury, and to connect the defendant absolutely with the Empire Mining Company. And even if the Empire Company could justify themselves, that would not authorize the jury

to justify the defendant, unless they were positively connected with them. (*Richardson* v. *McNulty*, 24 Cal. 339.)

*Fourthly*—The Court assume, as matter of fact, the mining customs to have been that one hundred dollars in value, or twenty days labor in each year, must be performed on the claims; whereas, *evidence only* was given on that point, of the sufficiency of which the jury was to judge.

*Fifthly*—The said fifth instruction assumes that mining claims are open and subject to appropriation in case the local mining laws in relation to working them are not observed; whereas, in truth, the local mining laws provide only one mode of giving constructive notice of possession; and, even if lands "are open and subject to appropriation under the local usages of the district," but are yet in the actual possession of private persons, such possession overrides any rights supposed to be derived from local usages, and prevails to the benefit of the possessors. (*Hess* v. *Wilson*, 30 Cal. 349.)

In this case it appears that evidence was given tending to show that at a certain time the plaintiffs, or their grantors, located these lands as a mining claim, and were still in possession of five sixths of the lands when they were ejected by defendant.

Whether or not they were so in possession at the time of the alleged re-location, does not appear; but the charge excepted to contains no exception or provision to meet that category.

*A. A. Sargent*, for Respondent.

RHODES, J., delivered the opinion of the Court:

The fifth instruction, given at the request of defendant, is as follows: "Fifth—If the jury believe, from the evidence, that the claims in dispute are adjoining other mining claims and possessions of the Empire Mining Company, or Ophir, or Rich Hills, and that the Empire Mining Company, or its grantors, located the same at a time when they were open and subject to appropriation, under the local usages of the

district, and have, during each and every year since said location, including the year in which they were located, performed upon said claims, or upon claims previously held by them, lying immediately contiguous thereto, labor of the value of $100, or twenty days of faithful labor, then the jury must find for the defendant."

It is objected to this instruction, that it assumes that the modifications of the mining laws, mentioned in the record, had been adopted before the time of the alleged forfeiture by the original locators. The instruction is not, and does not profess to be, a complete charge upon the legal questions to which it relates. It seldom occurs that a single instruction, given for the purpose of presenting the law upon a point arising upon more than one fact, contains all the qualifications and provisos that would be necessary, if no other instruction were given; but it is always intended that such instruction shall be read, together with the other instructions upon the same point, or those involving a consideration of the same facts. Reading this instruction, with the others given in the case, the question is submitted to the jury, whether the plaintiffs failed, during any year after their location, to perform the amount of labor upon the claims required by the mining laws then in force. It also submits the question, whether the claims "were open and subject to appropriation under the local usages of the district." The question of the performance of labor upon the claims by the Empire Mining Company, in accordance with the mining. laws, was also submitted to the jury. It might have been, technically, more accurate to have submitted, in this instruction, the question as to the amount of labor required by the mining laws to be performed; but it was not necessary, as the jury were fully charged with that inquiry.

It is further objected, that the instruction misconstrues the mining laws in regard to the amount of labor required to be performed, when the same party owns two or more contiguous sets of claims. But we think the construction given by the Court below, to the effect that work upon one set of claims, is, by the mining laws, declared work upon all of such sets of claims; that $100 in value, or twenty days of

faithful labor performed upon one set of claims, is sufficient to hold for one year all the contiguous sets of claims owned by the same party. The law does not limit the number of locators in a set of claims, and consequently does not limit the extent of the set of claims. Suppose that one party owns three sets of contiguous claims, of five hundred feet each, and another party owns one set of claims, of the extent of three thousand feet, would it not be unreasonable to hold, when the letter of the law does not require it, that the first party must perform three times—and, in view of the extent of the claims, six times—the amount of labor required of the other party? Should the first party perform in one year forty or more, but not sixty days labor, and should all the work be actually expended upon only one of the three sets of claims, each of the three sets of claims would be subject to re-location, if the law requires him to perform twenty days labor for each set of claims. For the law declaring that "all work and labor expended upon any one set of contiguous claims, is considered work upon them all," the work performed must be applicable to each set of claims, in the same manner and to the like extent, and he would thus come short of twenty days labor upon either claim. If the law considers the work performed on any set of claims as "work upon them all," the owner has not the right to shift the work, by mere assertion, from one set of claims to another, as his caprice or interest may dictate.

It is also objected, that the instruction assumes, as a fact, that the defendant was acting only as the agent of the Empire Mining Company. It is apparent that the real contest in the case was between the plaintiffs and the Empire Mining Company; and it is stated in the record that the defendant gave evidence tending to show "that the said defendant, in ejecting said locators, acted only as the agent of the said Empire Mining Company," and it is not stated that there was any evidence to the contrary. It is also stated, that the "defendant introduced evidence tending to show that from the year 1857 to the year 1865 the Empire Mining Company, of which the defendant, Lee, is the managing agent, was in the open and undisturbed possession of

the said mining ground," etc.   In view of this admission and
the condition of the evidence in the case, the assumption in
the instruction, that the defendant was acting as such agent,
if not fully warranted, was not productive of any injury to
the plaintiffs.

It is further objected to the instruction, that it assumes,
as a fact, that the mining customs required the performance
of work to the amount of $100, or twenty days, on the claims
each year.   But the question as to the amount of work
required by the mining customs to be performed upon min-
ing claims, was submitted to the jury in another instruction.

The fifth objection to the instruction is, that it assumes
that mining claims are open and subject to appropriation in
case the mining laws in relation to working them are not
observed, although they may be in the actual possession of
other persons.

The language of the instruction, "open and subject to
appropriation under the local usages of the district," does
not, necessarily, imply that a mining claim, in the actual
possession of a person, may be re-located by another person,
if the person in possession has not performed the amount of
work on the claim required by the mining regulations in
order to give him the constructive possession of the claim.
Such regulations are devised for the purpose of enabling
persons who locate claims to hold them by constructive pos-
sesion; and they are not to be construed as authorizing a per-
son to invade the actual possession of another on the pretext
that the latter has neglected to perform the requisite amount
of work, or has failed, in some other respect, to comply with
such regulations.   Such constructive possession is no higher
evidence of title than actual possession.   We do not con-
strue the instruction as laying down a rule opposed to this
view of the purpose of mining rules and customs.

The plaintiffs gave evidence tending to show that their
grantors located the claims in 1855, "according to the cus-
toms, usages and regulations" then in force; that the first
year thereafter, they did the requisite amount of work to
enable them to hold the claims; "that certain of said loca-
tors were in possession of five sixths of said claim, and were

ejected therefrom, by said defendant, in September, in the year 1865." There is no evidence tending to show that they were in the actual possession at the time of the alleged re-location of the claim, nor at any other time than in September, 1865—even if it is meant by the statement that at that time they were in the *actual* possession. There was, therefore, nothing in the evidence which required the Court to charge the jury as to the effect of an actual possession by the plaintiffs' grantors at the time of the alleged re-location of the claim by those under whom the defendant claims.

The objections to the second and fourth instructions need not be particularly noticed, as they have been sufficiently answered in considering the objections to the fifth instruction.

Judgment affirmed.

Sprague, J., filed the following dissenting opinion:

This is an action of ejectment, to recover the possession of a tract of land as a quartz mining claim.

Plaintiffs allege ownership and possession of the premises on the 17th of May, 1866, and that on that day the defendant, S. W. Lee, "unlawfully, and without right of title, entered into and upon the same, and ousted the plaintiff therefrom, and wrongfully withholds the possession thereof from plaintiffs."

The defendant's answer denies the ownership and possession of plaintiffs, and alleges as substantive matter of defense, that the premises in controversy were, at the time of the commencement of the suit, and for more than nine years theretofore had been, the property and in the possession of the "Empire Mining Company," a corporation; and that the said Empire Mining Company still is the owner, in possession, and entitled to the possession thereof; "and that all the possession, ownership and acts done by the said defendant, S. W. Lee, were and are, by virtue of the ownership of the said Empire Mining Company, and as the manager and acting agent thereof."

The cause was submitted to a jury upon the evidence, under instructions by the Court, as asked by the respective

parties, and a general verdict was rendered in favor of defendant; whereupon judgment was entered by the Court in favor of defendant, and against plaintiffs for costs.

All the instructions of the Court to the jury appearing in the record, were given at the request of the parties; three at request of plaintiffs, numbered first, second and third, and eleven at request of defendant, numbered respectively first, second, third, fourth, fifth, sixth, seventh, eighth, ninth, eleventh, twelfth; and plaintiff duly excepted, at the time the same were given, to the second, third, fourth and fifth instructions given at request of defendant.

The appeal is from the judgment, and the giving the above instructions second, third, fourth and fifth, at request of defendant, constitute the errors specified by plaintiffs in their statement on appeal.

The second instruction given at request of defendant, assumes as a fact established one of the issues tendered by the pleadings, or else it assumes that an outstanding title or right of possession in the Empire Mining Company, as between it and plaintiffs, will defeat the plaintiffs' right of recovery as against defendant, S. W. Lee, either of which assumptions in an instruction is error, and presumptively misled the jury to the prejudice of the plaintiffs.

The instruction reads as follows: "If the jury believe from the evidence, that after the lapse of more than one year from the time of the last work done by plaintiffs upon the claims in dispute, the defendant, or Empire Mining Company, or its grantors, entered upon such claims and re-located the same under the local customs governing the taking up of quartz mining claims, and have ever since then continued to hold and occupy the same, and to work the same in accordance with such local usages, the jury must find for defendant—provided that the jury believe from the evidence that the mining customs of the district in which the ground in dispute is situated, required the expenditure of one hundred dollars' worth of labor, or twenty days' work, on each set of claims in each year, and that under such customs the failure ·

to make such expenditure for the space of one year, subjected the claims to re-location."

The defendant had, in his answer, alleged as substantive matter of defense, ownership, possession, and right of possession of the demanded premises in the Empire Mining Company; and that in his entry upon, and ouster of plaintiffs from the premises, he acted in behalf of and as the agent of the Empire Mining Company. Evidence was introduced by defendant, tending to establish the relation and connection of defendant with the Empire Company, as by him alleged, and whether such relation and connection was so actually established by the evidence, was a material question of fact to be left to the jury. (*Cahoon* v. *Marshall*, 25 Cal. 197; *Preston* v. *Keys*, 23 Cal. 193.)

This action involves the right of possession of the demanded premises, as between plaintiffs and defendant, S. W. Lee; and plaintiffs rely solely on prior possession; hence, proof of an outstanding right of possession in the Empire Mining Company cannot avail defendant as a defense to the action, without connecting himself with such outstanding right of possession in the manner alleged in his answer; and whether this connection was so established by the evidence, should have been submitted to the jury.

In actions for the recovery of the possession of mining claims upon public lands, where neither party claims the title in fee, but only rely upon possessory right, the superior right prevails, and the rule that plaintiff must recover upon the strength of his own title, and that proof by defendant of an outstanding title in a stranger will defeat recovery by plaintiff does not prevail, as in actions of ejectment, where the strict legal title is litigated. (*Bird* v. *Lisbros*, 9 Cal. 1; *Hubbard* v. *Barry*, 21 Cal. 321; *Richardson* v. *McNulty*, 24 *Id.* 339.)

If the Empire Mining Company had desired in this suit to contest with plaintiffs the right to the possession of the premises in controversy, it should have taken the proper steps to have the corporation substituted as defendant in place of Lee. This does not appear to have been done or attempted; hence

the Empire Mining Company is a stranger to these proceedings.

The fifth instruction, given at request of defendant, to which exception was taken, and now assigned as error, is obnoxious to the same objection in the above particulars as the second.

The fourth instruction, given at request of defendant, I think gives an erroneous construction of one of the admitted "customs, rules and regulations" of the mining district, in which the demanded premises are located. This rule and custom, as admitted, reads as follows : "That when two or. more separate sets of claims and separate locations lie immediately contiguous to each other, any and all work and labor expended upon any one set of contiguous claims is considered work upon them all, and will hold them all under the unwritten local customs."

The construction given to this mining rule or custom in the fourth instruction is as follows : "The jury are instructed that under the local customs and usages admitted in evidence, and agreed to by the respective parties to this action, two or more separate sets of claims or separate locations lying immediately adjoining each other, and owned by the same party, are to be considered and may be held as one claim or location, and that all work and labor expended upon any one set or portion of such contiguous claims is to be considered work upon them all, and will hold the entire tract embraced in such separate locations under the unwritten local customs aforesaid."

As I understand and construe the above admitted rule or custom, its evident import and meaning is, that where several distinct locations or sets of claims are contiguous to or adjoining each other, and all are owned or held by the same person or party, work upon one set is considered work upon all, and that the amount of work required to be done upon the one set, in the aggregate, must be equivalent to twenty days, or $100 expended for each set of claims so owned and located. This same error of construction is repeated and directly applied in the fifth instruction, by declaring that twenty days or $100 worth of work done on any one set or

Points decided.

contiguous sets of claims owned by the same party is a compliance with the custom, and sufficient to hold all.

Again, the latter clause of the second instruction given at request of defendant seems to submit to the jury, upon the evidence, the construction of an admitted custom, which had been previously determined by the Court in the last paragraph of the first instruction given at request of plaintiffs, and evidently had a tendency to nullify or destroy the effect of that clause of the first instruction given at plaintiffs' request, and confuse the jury upon a question material to plaintiffs. I, therefore, am of opinion the judgment should be reversed and cause remanded for a new trial.

SANDERSON, J., expressed no opinion.