[Sac. No. 1014.   Department One.—March 8, 1904.]

T. D. MITCHELL et al., Respondents, v. LEWIS J. HUTCH-INSON et al., Appellants.

MINING CLAIMS—LOCATION OF PLACER CLAIM—PARTIAL CONFORMITY TO PUBLIC SURVEY.—A location of a placer mining claim is not invalid because it conforms only partially to the United States system of public land surveys. Such conformity is only required in so far as it is reasonably practicable.

ID.—PLEADING—ACTION TO QUIET TITLE—CONFORMITY TO SURVEY—TENDER OF ISSUES.—It is not incumbent upon the plaintiffs in an action to quiet title to a placer mining claim located by their predecessors to allege that the claim conformed as near as was practicable with' the United States survey lines; but averments that they "did duly locate the same as a placer mining claim under and in pursuance of the Revised Statutes of the United States," and setting forth the various acts performed by them in making the location, and alleging ownership in the plaintiffs, sufficiently tendered issues as to the making of a location in accordance with the requirements of the statutes.

ID.—FINDING—LOCATION OF GRAVEL DEPOSIT—LIMITATION OF VALUABLE
MINERALS—REASONABLE CONSTRUCTION.—A finding that in making
the location of the placer mining claim of plaintiff "it was the
intention of said locators to include within the exterior boundaries
of their location the bed of what they believed to be an old river
channel or gravel deposit lying beneath the surface of the earth,
and that in order to take in said channel, and not include within
their boundaries ground which would be of no value for mining ·
purposes, their location could not conform to the United States
system of public land surveys, and the rectangular subdivision
thereof, but did conform thereto as near as practicable to accom-
plish the object they had in view," is to be reasonably construed
so as to uphold and not to defeat the judgment, and as showing such
conformity to the survey-lines as was reasonably practicable to
accomplish an object authorized by the statute to include lands
useful for mining purposes, and to exclude lands not useful for
such purposes.

ID.—CONSISTENCY WITH OTHER FINDINGS.—If such finding be construed
as based merely upon the opinion and belief of the locators as to
the situation of the river channel or deposit, and as to the value
of adjoining land, it is not inconsistent with other findings estab-
lishing a location "in pursuance of the provisions of the Revised
Statutes of the United States," and that plaintiffs are the owners
of the land in controversy, and that the claim of defendants thereto
is without right, which are sufficient of themselves to dispose of
all the issues, and establish conformity to the survey-lines as near
as was reasonably practicable.

ID.—RECORD OF LOCATION NOTICE—IMMATERIAL MISTAKES IN BOUNDARY.
—Mistakes in the record of the location notice as to the boundary-
line which, however the boundary may be construed, do not affect
the land in dispute, and which are controlled by such references to
natural objects and permanent monuments as are sufficient fully
to identify the land claimed, are not material; and the record
sufficiently shows a substantial compliance with the requirements
of the statute.

APPEAL from a judgment of the Superior Court of Cala-
veras County.   C. V. Gottschalk, Judge.

The facts are stated in the opinion of the court.

Ira Hill Reed, for Appellants.

The location was invalid, there being no finding of con-
formity to the public surveys.   (U. S. Rev. Stats., secs. 2329,
2330, 2331; 22 L. D. 409; 30 L. D. 225.)   The burden is upon
the locator to show that his placer claim cannot be conformed
to legal subdivisions.   (U. S. Rev. Stats., sec. 2331.)   The

record of the notice was invalid. (U. S. Rev. Stats., sec. 2324; Stats. (Cal.) 1875-1876, p. 853; *Gleeson* v. *Martin,* 13 Nev. 462; 1 Lindley on Mines, sec. 379.) "The court cannot do for the mining locator what he alone should do for himself." (*King* v. *Amy,* 152 U. S. 222.)

Bishop, Wheeler & Hoefler, F. J. Solinsky, and William Rix, for Respondents.

The findings of ultimate facts sustain all the allegations of the complaint, and findings of mere probative facts cannot control them. (*Perry* v. *Quackenbush,* 105 Cal. 299; *Smith* v. *Acker,* 52 Cal. 219.) Conformity to the public surveys is not necessary to the validity of the location of a placer claim. (U. S. Rev. Stats., sec. 2333; 1 Lindley on Mines, sec. 448; *Rablin's Placer,* 2 L. D. 764; *Esperanze etc. Co.,* 10 Copp's L. D. 338; *In re Pearsall,* 6 L. D. 227.) Natural objects and permanent monuments referred to in the record of a notice of location will control courses and distances, and it is sufficient that the recorded claim can be identified. (1 Lindley on Mines, sec. 382, and cases cited; *Duryea* v. *Boucher,* 67 Cal. 141, 142.) Notices of location by miners are to be liberally construed. (*Carter* v. *Bacigalupi,* 83 Cal. 187; *Donahue* v. *Meister,* 88 Cal. 121, 131, 132;[1] Lindley on Mines, sec. 381; *Wilson* v. *Trumpet Mining Co.,* 19 Utah, 66.[2])

ANGELLOTTI, J.—This action was brought to quiet title to a tract of land in Calaveras County, containing 122.15 acres. The defendants claimed title to a portion thereof consisting of 74.50 acres.

Both plaintiffs and defendants claimed under placer-mining locations alleged to have been made by them, the plaintiffs' location, called the Kentucky Placer Mine, being alleged to have been made on February 8, 1889, and the defendants', called the Paragon Placer Mine, on August 31, 1897.

The plaintiffs obtained judgment, and the defendants appeal therefrom on the judgment-roll. The only questions presented are as to whether the findings support the judgment.

1. It is contended by defendants that no valid location was

---

[1] 22 Am. St. Rep. 213.            [2] 75 Am. St. Rep. 718.

effected by the Kentucky claimants, for the reason that their claim was upon surveyed government lands and did not conform to legal subdivisions.

The findings show that the location was made upon surveyed government land, and that the description thereof by metes and bounds consisted of nine courses, of which only five conformed to the lines of the United States system of public land surveys.

This fact would not of itself, however, render the location invalid, for it is well settled that, under sections 2329, 2330, and 2331 of the Revised Statutes of the United States, placer claims are required to conform to the lines of the public survey only where such conformity is reasonably practicable, and that where such conformity is not reasonably practicable, it is sufficient if they conform to such lines as near as is reasonably practicable. It was held by Secretary of the Interior Teller, in *Rablin's Placer*, 2 L. D. 764, that it was the intention of Congress to provide for cases where the situation of the deposits is such that conformity of the location with subdivision-lines is unreasonable, and to permit persons to take a certain quantity of land fit for mining, and not to compel them to take such a quantity irrespective of its fitness for mining, and that it was not practicable to conform to the lines of the survey in a case where the entire placer deposit in a cañon within certain limits is claimed, and where the land on either side is entirely unfit for mining or agriculture. (See, also, *Esperanze M. Co.*, 10 Copp's L. D. 338; *In re Pearsall*, 6 L. D. 227; Lindley on Mines, sec. 448.) We have not been referred to any decision or ruling disapproving the views expressed in the above authorities. The case of *Miller Placer Claim*, 30 L. D. 225, 351, was not, as we read it, intended to make any change in the rule laid down in the prior decisions.

In view of this well-established rule, the findings of the trial court entirely dispose of defendants' contention in this behalf.

The complaint alleged that the land located by plaintiff's predecessors was vacant public land, open to exploration and location, and that the Kentucky claimants entered thereon and discovered therein and thereon gold and mineral bearing earth, and "did duly locate the same as a placer mining

claim under and in pursuance of the provisions of . . . the Revised Statutes of the United States,'' and then alleged the various acts performed by them in making the location. It further alleged that plaintiffs were the owners of the premises, and that defendants claimed and asserted an interest therein adverse to plaintiffs, which claim of defendants was without right.

The answer denied ''that said locators . . . did make a valid location upon'' the land in dispute, denied plaintiffs' allegation of ownership, and set up their own alleged later location.

There was no issue made by the pleadings as to whether the Kentucky claimants' claim conformed as near as was practicable to the survey-lines, except in so far as it was included in the general issues of location and title already referred to, and, so far as the record on appeal shows, there was no contention in the trial court that the claim did not conform to the survey-lines as near as was practicable, unless that fact is to be inferred from the presence of a finding which will be hereinafter quoted.

We are of the opinion that it was not incumbent upon the plaintiffs to allege that the claim, declared in their complaint to have been located by their predecessors, conformed as near as was practicable with the United States survey-lines, and that the allegations already referred to sufficiently tendered issues as to the making of a location in accordance with the requirements of the statutes. (See *Quigley* v. *Gillett,* 101 Cal. 462.)

The trial court found that, at the date of the location, the land located was vacant public land of the United States, open to exploration and location, and that the Kentucky claimants did locate the premises as a placer mining claim in pursuance of the provisions of the Revised Statutes of the United States, and performed the various acts necessary to effect an effectual location, such as posting the notice of location, etc.; that plaintiffs are the owners of the land in controversy; and that the claim of defendants thereto is without any right whatever.

These findings of fact upon issues made by the pleadings establish a valid location, unless the effect thereof is overcome by another finding made by the court upon matters not spe-

cifically presented by the pleadings, which was as follows,
viz.: "That the said tract of land and premises hereinabove
described were located by the locators upon surveyed land as
a placer mining claim; that in making said location it was
the intention of said locators to include within the exterior
boundaries of their location the bed of what they believed to
be an old river channel or gravel deposit lying beneath the
surface of the earth, and that in order to take in said channel
and not include within their boundaries any ground which
would be of no value for mining purposes, their location
could not conform to the United States system of public land
surveys, and the rectangular subdivisions thereof, but did
conform thereto as near as was practicable to accomplish the
object they had in view, to wit: The location of said channel,
and not to include land not useful for mining purposes."

It is well settled that the findings of the trial court should
receive such construction as will uphold rather than defeat
the judgment, and that they are to be read and considered
together and liberally construed in support of the judgment,
and, if possible, are to be reconciled so as to prevent any
conflict upon material points. (*People's Home Sav. Bank*
v. *Rickard*, 139 Cal. 285, 291, and cases there cited.) So
regarded, the finding is susceptible of a construction affirma-
tively showing such conformity to the survey-lines as was
reasonably practicable, under the decisions of the land de-
partment already referred to, for the court expressly found
therein that, in order to include the land which was con-
sidered valuable for mining purposes, and to exclude land
which was of no value for such purposes, the location could
not conform to the United States system of public land sur-
veys, and it further found that the location did conform to
such surveys as near as was practicable to accomplish an
object authorized by the statute—viz., the inclusion of lands
useful for mining purposes and the exclusion of lands not
useful for such purposes.

But construing this finding, in accordance with the conten-
tion of defendants, to be based entirely upon the opinion and
belief of the Kentucky claimants as to the situation of the
river channel or gravel deposit and the value of the adjoining
land for mining purposes, without regard to the actual condi-
tion, there is nothing therein inconsistent with the findings

upon the specific matters alleged in the complaint and denied by the answer. As is contended by plaintiffs, such intention and belief could reasonably coexist with the fact that the location as made actually did take in the lands valuable for mining purposes and excluded the lands that were not valuable for such purposes, and that it conformed to the survey-lines as near as was practicable to accomplish such objects.

We are therefore of the opinion that the other findings are not affected by the finding last quoted, and that those findings sufficiently establish a valid location as far as the question of conformity to the survey-lines is concerned. Such findings are conclusive in the absence of attack by a bill of exceptions or statement on motion for a new trial.

2. It is further contended that the attempted location was invalid for the reason that the description of the property located was not correctly set forth in the copy of the notice of location recorded in the office of the county recorder of Calaveras County.

The trial court found that the notice of location posted in a conspicuous place on the claim contained "such a description of the said . . . claim so located by reference to natural objects and permanent monuments such as did and will identify the claim," and that the locators, at the time of making their location, "distinctly marked their said location on the ground so that its boundaries could and can now be readily traced." It further found that owing to a mistake in writing out the copy to be recorded the description in the recorded notice was erroneous in three or four particulars, the principal error being the omission of the last course and distance, so that the description instead of being "8th south 41 deg. 12 mins. west 26.58 chs. to post marked K. P. M. set in stone mound being $\frac{1}{4}$ $\frac{1}{4}$-section corner; thence 9th west 20 chs. to place of beginning, containing 122.15 acres," was as follows, viz.: "8th, S. 41$\frac{1}{2}$ degs. W. 26.58 chs. to place of beginning, containing 125 acres more or less." An act regulating the recording of mining locations in Calaveras County, approved April 3, 1876, and in force at the time of the Kentucky location, provided that a copy of the notice of location of any mining claim thereafter located should be filed and recorded in the office of the county recorder within six days from the date of posting, and further provided that a notice

posted without being so recorded should "not be considered notice to subsequent locations recording under this act." (Stats. 1875-1876, p. 853.)

This act constituted the only regulation then in force relative to the recording of location notices. Whatever might be the effect of an entire failure to comply with its provisions, a substantial compliance with the requirements of the act would certainly be sufficient, and if the description contained in this notice was complete enough to enable one examining it to ascertain therefrom that the land actually claimed was included therein, there was such a substantial compliance as would satisfy the statute, for such a description would give full notice that such land had been in fact appropriated by others. That such was the effect of the description in the recorded notice in this case there can be no doubt, whatever rule of construction be applied thereto. If the eighth course and distance be rejected entirely, and a straight line be run from the eighth corner to the "place of beginning," it would include all the land now claimed, and if, on the other hand, the course and distance were followed, a post marked "K. P. M." set in a stone mound, being a quarter-quarter-section corner would be found, whence a straight line west along the section-line, twenty chains to place of beginning, would close the description and furnish an exact description of the land claimed.

The other imperfections in the recorded description noticed in defendants' closing brief were slight errors in courses and distances, which were controlled by the references in such description to natural objects and permanent monuments sufficiently to fully identify the exact boundaries of the claim.

The judgment is affirmed.

Shaw, J., and Van Dyke, J., concurred.