[Civ. No. 2480.    Third Appellate District.—November 15, 1922.]

SADIE F. HAMAKER, Appellant, v. PACIFIC GAS AND ELECTRIC COMPANY (a Corporation), Respondent.

[1] EASEMENTS—RIGHTS OF WAY.—The ownership of a right of way for a ditch or a power line or telephone line is the ownership of an easement.

[2] ID.—QUIETING TITLE—LOCATION OF RIGHTS OF WAY—JUDGMENT.— Where, prior to the commencement of plaintiff's action to quiet title, defendant's ditch and the power and telephone lines had been constructed, and they were delineated on a map annexed to defendant's answer, the portion of judgment establishing the existence of defendant's easement was sufficient to enable one to locate the three

rights of way where it located definitely the points of entrance upon plaintiff's land, gave the course and distances to the points of exit, though some of the courses were given generally as "northerly" or "a general westerly and northerly direction," and then recited that they were delineated on the map annexed to defendant's answer.

[3] ID.—RIGHT OF WAY FOR AQUEDUCT—RIGHT TO INCREASE CAPACITY. Where the right of way given by a judgment of condemnation is a definitely described parcel of land with no limit upon the character of improvement to be constructed, except that it is to be an aqueduct for the conveyance of water, the condemnor has the right to increase the capacity of the aqueduct within the limits of such right of way.

[4] ID. — CONDEMNATION OF RIGHT OF WAY — QUIETING TITLE — JUDGMENT.—Where the answer in an action to quiet title pleads the judgment rendered in a prior condemnation proceeding, sets it out in full and bases defendant's claim to a right of way on such judgment, and alleges that it is in full force, and the findings in such quiet title action set that judgment out in full and recite that such judgment and the final order of condemnation "remain in full force," the rights of the parties under such prior judgment are in nowise changed by the judgment in the quiet title action.

APPEAL from a judgment of the Superior Court of Placer County. J. E. Prewett, Judge. Affirmed.

The facts are stated in the opinion of the court.

Lowell, Lowell & Lowell for Appellant.

Thos. J. Straub, Wm. B. Bosley and Raglan Tuttle for Respondent.

FINCH, P. J.—By this action plaintiff sought to quiet her title to eighty acres of land. The answer alleges that the defendant owns easements in the land to maintain and operate a certain water ditch and its branches, an electric transmission line, a telephone line, and an aqueduct, together with a definitely described right of way through which said aqueduct is maintained. The court found that at the commencement of the action the defendant owned, maintained and operated the water ditch, electric line and telephone line, "together with a right of way therealong for the purpose of maintaining, patrolling, repairing and oper-

ating'' the same. The court also found that the defendant acquired by a judgment of condemnation, rendered January 22, 1917, the alleged right of way for an aqueduct, in which judgment, as well as in the judgment herein, such right of way was particularly described. In the first judgment the character of the aqueduct proposed to be constructed was described, in general language, as consisting of a tunnel and an open ditch, without giving the capacity of the aqueduct or the dimensions of the tunnel or ditch. The judgment contained certain conditions to be performed by defendant, such as the construction and maintenance of bridges, fences, etc. The judgment and final order of condemnation are set out in full in the findings herein. In the year 1917, after the rendition of the judgment of condemnation, the company constructed on the right of way an aqueduct having the capacity of four thousand miner's inches of water and used the same until the end of the irrigation season of 1919. In the following January the company commenced the enlargement of the aqueduct, within the limits of the right of way so condemned, to a capacity of twelve thousand miner's inches. Plaintiff thereupon instituted this action for the evident purpose of preventing such enlargement. From the judgment rendered in favor of the defendant the plaintiff prosecutes this appeal on the judgment-roll alone.

Appellant contends that the court erred in adjudging the defendant to be the owner of the rights of way involved and that the ''decree should not go further than to give the gas company easements to maintain and operate the existing improvements.'' The decree adjudges the plaintiff to be the owner in fee of the land ''subject to the respective rights, privileges and easements, which said defendant owns therein, as hereinafter stated.'' The decree then adjudges the defendant to be the owner of the water ditch and the power and telephone lines, together with rights of way ''therealong for the purpose of maintaining, patrolling, repairing and operating the same.'' [1] The ownership of a right of way for a ditch or a power line or telephone line is the ownership of an easement. It is apparent that the judgment declares the defendant to be the owner of easements merely.

[2]   It is urged that the descriptions of these three rights
of way are insufficient to enable one to locate them.   The
judgment locates definitely the points of entrance upon
plaintiff's land, gives the courses and distances to the points
of exit, though some of the courses are given generally as
"northerly" or "a general westerly and northerly direc-
tion," and recites that the same are delineated on a map
annexed to defendant's answer.   The ditch and the power
and telephone lines had been constructed, as the court finds,
prior to the commencement of the action, and were, there-
fore, definitely located on the land itself.   Had the rights
of way been located with reference to permanent monu-
ments upon the land, the description would certainly have
been sufficient.   No reason appears why these permanent im-
provements may not be treated as monuments.

[3]   The principal ground urged for a reversal is that,
since the defendant had constructed an aqueduct along
the right of way acquired by condemnation and had used
the same for several years, the limit of the land occupied
by such aqueduct is the limit of defendant's rights in the
plaintiff's land, citing *Winslow* v. *City of Vallejo,* 148 Cal.
723 [113 Am. St. Rep. 349, 5 L. R. A. (N. S.) 851, 84 Pac.
191], and similar cases.   In the Winslow case it is said:
"The rule is well settled that where a grant of an easement
is general as to the extent of the burden to be imposed on
the servient tenement, an exercise of the right, with the
acquiescence and consent of both parties, in a particular
course or manner, fixes the right and limits it to the partic-
ular course or manner in which it has been enjoyed."   The
right of way given the defendant by the judgment of con-
demnation, however, was a definitely described parcel of
land with no limit upon the character of improvement to be
constructed, except that it was to be an aqueduct for the
conveyance of water.   "The condemnor may bind itself to
a specified plan of construction or specified use of the
property and have damages assessed upon that basis.   In
that case an action can be maintained for any damage
caused by a subsequent change in the works or use.   So if
the damages were in fact assessed on the basis of a certain
mode of construction, by the procurement or acquiescence
of the parties, it has been held that this fact may be shown
and relief obtained in case of a change of construction.

But if there has been no such limitation in the condemnation, the condemnor acquires the right to change its works, or increase or change the use of the property as it may deem best, so long as it exercises due care and skill in so doing, and keeps within the purpose of the original appropriation, and no action will lie for damages caused by such changes." (Lewis on Eminent Domain, 3d ed., sec. 830.) In *Western Union Telegraph Co.* v. *Polhemus,* 178 Fed. 904 [29 L. R. A. (N. S.) 465, 102 C. C. A. 105], where the trial court had held that the company was without the right to erect additional poles between those originally erected, it is said: "We are clearly of opinion that the use of such additional poles as from time may be required to support the line is an incident to the old easement, and not a new one. It would be intolerable and at variance with salutary principles of law . . . if an easement could be taken piecemeal, so to speak, and for a lesser purpose than for the entire use, for the full enjoyment of which the right of condemnation is alone conferred." "A condemning corporation may condemn lands sufficient to provide for not only its present but also its prospective necessities." (20 C. J., 637; *Spring Valley W. W.* v. *Drinkhouse,* 92 Cal. 528 [28 Pac. 681]; *City of Los Angeles* v. *Pomeroy,* 124 Cal. 597 [57 Pac. 585]; *Central Pacific Ry. Co.* v. *Feldman,* 152 Cal. 303 [92 Pac. 849].) It would be idle to condemn lands sufficient for prospective necessities if, when the necessity arose, the land could not be used without an additional condemnation.

[4] It is finally contended that the judgment herein enlarges the company's rights as given by the judgment of condemnation and relieves it from the obligations therein imposed upon defendant. The answer pleads the judgment rendered in the condemnation proceeding, sets it out in full and bases defendant's claim to the right of way for the aqueduct on such judgment, and alleges that it is in full force. The findings in this case set the judgment out in full and recite that such judgment and the final order of condemnation "remain in full force." It is perfectly clear that the rights of the parties under that judgment are in nowise changed by the judgment herein.

The judgment appealed from is affirmed.

Hart, J., and Burnett, J., concurred.