[Civ. No. 5165. Third Appellate District.—November 5, 1934.]

ALICE D. McLEAN, Respondent, v. KARL M. LADE-WIG et al., Appellants.

H. H. Carleton and Robert H. Schwab for Appellants.

Louis T. Milburn for Respondent.

HELD, J., *pro tem.*—The amended complaint herein contains two causes of action; the first being the ordinary suit to quiet title, while the second alleges title by adverse possession. The property involved is an unpatented lode mining claim in the county of Mariposa, known as the "Good Luck Mine", which was located on February 1, 1892, by J. E. McLean, J. L. McLean and S. B. Ferguson. By mesne conveyances, plaintiff has acquired all the right, title and interest of the original locators in the property. The defendants claim the southerly portion of the Good Luck Mine by the location of the "Seventeen Fifty Mine", made by defendant Rae Ladewig on May 22, 1933. Judgment in the court below was for plaintiff and defendants appeal.

The controversy here arises out of the fact that the location notice as posted on the Good Luck Mine, and as recorded in the office of the county recorder in 1892, described

the center line of the mine as running from the point of beginning 1200 feet in a northwesterly direction to a stake, and 300 feet from the point of beginning in a southeasterly direction to a stake. It is plaintiff's contention that according to the monuments on the ground, the location notice should have read "north*easterly*" in the first-named course, and "south*westerly*" in the second. The result, in effect, is that the south*west* corner of the mine as described in the location notice becomes the south*east* corner of the mine as plaintiff contends it to have been marked on the ground. The location notice by defendant Rae Ladewig of the "Seventeen Fifty Mine" designates as its beginning point "the southwest corner of the Good Luck Mine". If this refers to the southwest corner described in the location notice of the "Good Luck Mine", the "Seventeen Fifty Mine" location overlaps the Good Luck Mine, as plaintiff contends it to exist according to the monuments on the ground. Defendants' contention is that the location notice recorded in 1892 governs, and that the eastern boundary of the "Seventeen Fifty Mine" is the western boundary of the Good Luck Mine, as that western boundary is described in the location notice.

It is plaintiff's position that the monuments as erected on the ground control over the description and courses as contained in the location notice. Plaintiff claims also by adverse possession, and it is her contention that the evidence establishes an adverse holding by her predecessors and herself for a period in excess of forty years of the area defined by plaintiff's monuments, and plaintiff argues that such adverse holding dispenses with the requirements of posting and recording notice of location.

█ The first point made by appellants is that the findings and judgment do not follow the complaint in regard to the description of the property. The amended complaint alleged ownership of the possessory interest in, and possession of "all that certain mining claim known as the Good Luck Mine". Then follows a reference to the date of the location, the record thereof, and a more particular description. The judgment decrees plaintiff to be the owner, in possession of and entitled to the possession of the "Good Luck Mine, as described in accordance with the map introduced in evidence and marked Plaintiff's Exhibit B, and

in accordance with the monuments erected on the ground''. Then follows a particular description, which varies from the particular description in the amended complaint. Appellants contend that the trial court found plaintiff to be the owner of different property from that which was described in the pleadings. In this, we think, appellants are in error. The subject-matter of the action is ''the Good Luck Mine''. ▓ A conveyance by that designation would be sufficient. (Civ. Code, sec. 1092; 41 Cor. Jur. 401.) Where property is well described by name, a subsequent particular description cannot be held intended to be used in the sense of restriction. (*Haley* v. *Amestoy*, 44 Cal. 132; *Martin* v. *Lloyd*, 94 Cal. 195 [29 Pac. 491]; 9 Cal. Jur. 294.) ▓ Furthermore, defendants by their answer raised the issue as to the correct location on the ground of ''the Good Luck Mine''. Having gone to trial on that issue raised by their answer, defendants may not now successfully contend that the court had not authority to determine the same. By section 580 of the Code of Civil Procedure it is provided that the court may grant plaintiff any relief consistent with the case made by the complaint and embraced within the issue. In *Baar* v. *Smith*, 201 Cal. 87 [255 Pac. 827], it is said:

''The word 'issue' as used in this code section is broader than the complaint where the answer enlarges the same by introducing new matter. It is also true that the parties may voluntarily submit and try an issue without any specific pleadings and thus be estopped from complaining thereat after judgment.''

To the same effect is *Freeman* v. *Gray-Cowan, Inc.*, 219 Cal. 85 [25 Pac. (2d) 415].

▓ Appellants question the sufficiency of the description found in the judgment. As already stated, a description by a popular name is sufficient. Furthermore, the particular description in the judgment refers to ''the map introduced in evidence and marked Plaintiff's Exhibit B''. A map so marked is a part of the record herein. Also, reference is made to the monuments erected on the ground. In *Newport* v. *Hatton*, 195 Cal. 132 [231 Pac. 987], the Supreme Court cites 33 Corpus Juris, page 1209, as authority for the declaration:

"That the judgment may be aided by intendments and additional data drawn from the pleadings and other parts of the records, or even, in some cases, by extrinsic documentary evidence."

The court then says at page 156:

"We do not see how a judgment can be pronounced a nullity for uncertainty of description unless the court can see that nothing is described. Those claiming under it must rely on the description, it is true, but whether or not the description is defective must be tested by rules of evidence ordinarily applied to the subject."

■ Permanent improvements may be treated as monuments. (*Hamaker* v. *Pacific Gas & Elec. Co.*, 59 Cal. App. 642 [211 Pac. 265].) ■ Parol evidence is admissible to identify the map. (*Redd* v. *Murry*, 95 Cal. 48 [24 Pac. 841, 30 Pac. 132].)

■ Plaintiff concedes that the location notice does not describe the Good Luck Mine in accordance with the monuments which at the time of the location were erected on the ground. She contends, however, that such monuments control over the description and courses as contained in the location notice. It is said in 40 Corpus Juris, page 807:

"As a general rule, a mining location is not rendered invalid by a mere variation or discrepancy between the boundaries of a claim as marked on the ground and the courses and distances described in the location notice or certificate. In such a case if the markings on the ground are clearly ascertainable and can be definitely located they will control, as to the location and extent of the claim."

John E. McLean, one of the original locators of the mine, was a witness in the lower court and testified that on the day preceding the giving of his testimony he had visited the "Good Luck Mine" and identified the point of discovery as made by him in 1892. He described that point of discovery, as well as the south center monument, both of which were found intact, and to be in the location designated on the map introduced in evidence as plaintiff's exhibit B. The surveyor who prepared the map was present when the witness McLean visited the mine during the trial, and prepared the map with reference to the location of the discovery point referred to by McLean. The surveyor also

testified to evidence of mining operations in or near the line from the point of discovery to the south center stake. The witness McLean described the general direction of the vein of the Good Luck Mine to be northeasterly, and that it was upon this vein that the notice of location was posted. He testified also that when the location was made, he established monuments, and marked the boundaries of the claim. The witness Ward testified to the location of the southwest corner of the Good Luck Mine, and the witness Tresidder by measurement located the south center monument. We think the evidence shows clearly that McLean at the time of his location marked out on the ground the tract contained in the particular description of the Good Luck Mine as shown by the map, plaintiff's exhibit B, referred to in the judgment. ■ The natural objects or permanent monuments referred to in the instant location notice are "the ridge east of Lyons Gulch", "William Dougherty's Spring", "Frank Lord's residence" and "Charles Frank's Ranch". All of these are presumed to be well-known natural objects or permanent monuments until the contrary appears. (*Hammer* v. *Garfield Mining & Mill. Co.*, 130 U. S. 299 [9 Sup. Ct. 548, 32 L. Ed. 964].)

■ Notices of location are to be liberally construed. (*McCann* v. *McMillan*, 129 Cal. 350 [62 Pac. 31]; *Carter* v. *Bacigalupi*, 83 Cal. 187 [23 Pac. 361]; *Mitchell* v. *Hutchinson*, 142 Cal. 404 [76 Pac. 55].) At 40 Corpus Juris, page 805, it is said in referring to the sufficiency of the location notice:

"If it is made in good faith, it should receive a liberal and reasonable construction in favor of the locator; and if by such construction the language employed in describing the claim, when taken in connection with the markings on the ground and other surrounding circumstances, will enable a reasonably intelligent person to find the claim, and trace its boundaries, and therefore imparts notice thereof to subsequent locators, it is sufficient."

We conclude, therefore, that the original location herein was valid and covered the premises described in the judgment.

■ The contention of plaintiff that title by adverse possession has been established is, in our opinion, sustained.

The effect of section 2332, U. S. Revised Statutes, has been held to be a declaration that possession for the statutory period is the equivalent of a valid location. (*Altoona Q. M. Co.* v. *Integral Q. M. Co.*, 114 Cal. 100 [45 Pac. 1047]; 40 Cor. Jur. 779.)

In *Humphreys* v. *Idaho Gold Mines Development Co.*, 21 Idaho, 126 [120 Pac. 823, 40 L. R. A. (N. S.), at page 826], it is said:

"It seems to us that the provisions of section 2332 of the Revised Statutes of the United States are intended to obviate the necessity for proof of posting and recording a notice of location in cases where the claimant to mineral ground has been in the actual, open, and exclusive possession of the ground for a period equal to that required by the local statute of limitations governing adverse possession of real estate."

It appears abundantly from the evidence here that the plaintiff and her predecessors in title have held and worked the "Good Luck Mine" as described in the judgment for many years in excess of five years. The payment of taxes is not required to establish title by adverse possession (*Dalton* v. *Clark*, 129 Cal. App. 136 [18 Pac. (2d) 752]), and the parties stipulated on the trial that all assessment work had been done.

The evidence seems to us clear that the location in question was established upon a vein or lode of practical value. The witness John E. McLean testified that he had taken several thousand dollars in gold from the mine. The witness Marre described the course of the main vein in the lode. The law does not require that the vein contain ore in paying quantities. It is enough if ore is found and the indications are sufficient to warrant a prudent man in spending his labor and means, with reasonable prospect of success in developing a valuable mine. (*Garibaldi* v. *Grillo*, 17 Cal. App. 540 [120 Pac. 425]; see, also, *Springer* v. *Southern Pac. Co.*, 67 Utah, 590 [248 Pac. 819].)

In view of the conclusions which we have reached, it is not necessary to consider the contention of plaintiff that the general rule that the plaintiff must recover on the strength of his own title does not apply here. (*Richardson* v. *McNulty*, 24 Cal. 339; *Bradley* v. *Lee*, 38 Cal. 362.)

Defendants cite *Schroder* v. *Aden Gold Min. Co.,* 144 Cal. 628 [78 Pac. 20].

The judgment is affirmed.

Thompson, J., and Plummer, Acting P. J., concurred.