[Civ. No. 3298.   Fourth Dist.   Nov. 8, 1945.]

PAUL JUDSON, Respondent, v. E. H. HERRINGTON, Appellant.

Willedd Andrews for Appellant.

Vincent & Eaton and Eldred L. Eaton for Respondent.

MARKS, J.—This is an appeal from a judgment which quieted plaintiff's title to two mining claims, Brandywine No. 1, and Brandywine No. 2, in San Bernardino County.

The case has been here before (*Judson* v. *Herrington,* 55

Cal.App.2d 476 [130 P.2d 802]). There is no serious difference in the material evidence introduced at the two trials and the issues argued now were covered in the earlier opinion where there is a detailed statement of facts which need not be repeated here.

Defendant claims there is a material difference in the evidence introduced in the second trial from that before the court in the first. He stresses the testimony of W. L. Page, the original locator of the two claims, to the effect that prior locations had been made by him in 1928. An examination of the record discloses that the date ''1928'' occurred only in the questions propounded to Mr. Page by counsel for defendant which were answered in such a manner as to indicate that he had located the property covered by the Brandywine claims in 1928, two years prior to the locations of the claims on January 4, 1930, under which plaintiff claims. Later in the cross-examination Mr. Page realized that he had been led into testifying concerning these locations as though they had been made in 1928. He then corrected his testimony and said that he first located the claims under other names in 1927, did no assessment work on them and again located them on January 4, 1930. No location notices filed in 1928 were introduced but the location notices of 1927 were produced and we are satisfied that Mr. Page did not locate these claims in 1928, nor at any other times other than 1927 and in 1930. It is also clear that he did no assessment work on the property following the 1927 locations but built the necessary monuments, posted and recorded the location notices and otherwise conformed to the federal laws in locating the properties in 1930 as placer claims containing bentonite.

The questions presented by defendant were decided on the former appeal upon practically the same evidence which we now have before us. As the application of the rule of the law of the case seems now to be somewhat a matter of discretion vested in the courts (*England* v. *Hospital of the Good Samaritan*, 14 Cal.2d 791 [97 P.2d 813]) we will consider the questions presented and briefly outline the evidence necessary to understand them.

On March 17, 1933, Page and his wife conveyed the two claims to E. T. Webb, and on August 8, 1933, Webb conveyed them to Paul Judson, plaintiff in this action.

Early in 1930, Page leased the property to Lewis Thompson who went into possession, had the property surveyed, erected

posts at the sites of the monuments and commenced mining operations, shipping and selling four car loads of bentonite. His workings ran into sandstone and he abandoned the property in the fall of 1930. Page then leased the claims to Martinez and Becker who went into possession early in 1931, and conducted active mining operations for several years. It seems clear that mining operations were carried on for a number of years by the respective owners or their lessees from early in 1930 to 1938 or 1939 and that bentonite was mined, shipped and sold from the claims during that period. Further, the owners took advantage of the various moratorium statutes although mining operations were continued so that the annual assessment work was done. (See, *Judson* v. *Herrington, supra.*)

On July 1, 1935, H. E. Herrington and his associates posted and recorded location notices on property which included the two claims in question here. Later Herrington acquired whatever interest his associates had in the property. On July 27, 1939, Judson started this action to quiet his title to the two Brandywine claims. At the first trial in February, 1941, judgment was rendered in favor of the defendant Herrington which was reversed on appeal. At the second trial in April, 1944, plaintiff had judgment quieting his title to the two bentonite claims.

Defendant introduced in evidence a location notice signed by Page, dated May 7, 1929, recorded May 11, 1929, and argues that this is fatal to the claim of plaintiff under the 1930 locations. There is nothing in the 1929 location notice indicating that it was upon the property covered by either of the Brandywine locations. Page testified, ". . . but it didn't cover this ground where the Brandywine was at all. . . . It was different ground." We fail to see how the 1929 location can have any bearing on this case.

Defendant's brief is largely devoted to arguments based on purported 1928 locations, which were not made, and on the 1929 location which was on property not involved here. He concludes his argument by reference to section 1426s of the Civil Code, now section 2321 of the Public Resources Code, which provides in effect that if a locator fails to do the required development work on his claim he shall be disqualified from relocating the same ground or any part thereof for three years and that any attempted location thereof by him within such time shall be void. As the 1927

locations were made within three years prior to January 4, 1930, and as we assume that the location covered all or a part of the same property we should consider that question.

It is the contention of defendant that the locations of the two claims by Page in January were void under the California law because Page had located the same claims within the prior three years and had failed to do any assessment work under the earlier locations.

Section 4620, U.S.Comp. Stats. 1918, section 2324, U.S. Revised Stats., section 28, ch. 2, title 30, U.S.C.A. provide in effect that where the required assessment work is not done the claim shall be open to location in the same manner as though no prior location had been made. (*Kramer* v. *Gladding, McBean & Co.*, 30 Cal.App.2d 98 [85 P.2d 552].) Defendant admits this general rule but urges that the provisions of the California statute prohibit the original locator from again locating the claims within three years but that under the federal rule any other person may locate the property within that time.

The right of an original locator who had done no assessment work to again locate the claim, was before the court in *Rohn* v. *Iron Chief Mining Co.*, 186 Cal. 703 [200 P. 644], and was disposed of as follows: "We are of the opinion that the language of section 2324 does not have the effect contended for by the learned author above mentioned. It expressly declares that if the work required is not done within the year specified, the claim or mine 'shall be open to relocation as if no location of the same had ever been made.' In other words, it is then to be considered as vacant public land of the United States, subject to entry by any qualified person, as provided in section 2319 [6 Fed. Stats. Ann., p. 509; U.S. Comp. Stats., sec. 4614]. If the original locator is a qualified person, he is as eligible to make a relocation under this language as a stranger would be."

The effect of the California Code provisions now before us were not considered in the Rohn case. It is well settled that a law passed by one of the States of the Union cannot limit or abridge a constitutional federal enactment; that the federal law must control where the two come into conflict. (*Belk* v. *Meagher*, 104 U.S. 279 [26 L.Ed. 735]; *Florida* v. *Mellon*, 273 U.S. 12 [47 S.Ct. 265, 71 L.Ed. 511]; *City of San Diego* v. *Van Winkle*, 69 Cal.App.2d 237 [158 P.2d 774].)

Section three of the act of Congress of September 9, 1850, (9 U.S. Stats. at Large, 452) admitting California into the Union contained the following: "That the said State of California is admitted into the Union upon the express condition that the people of said State, through their legislature or otherwise, shall never interfere with the primary disposal of the public lands within its limits, and shall pass no law and do no act whereby the title of the United States to, and right to dispose of, the same shall be impaired or questioned; . . ." (See *Donnelly* v. *United States,* 228 U.S. 243 [33 S.Ct. 449, 57 L.Ed. 820].)

It seems clear that an attempt by the California Legislature to limit the right of a citizen, given by federal law, to locate mineral claims on property which is part of the public domain of the United States cannot be upheld. This was expressly held in *Dalton* v. *Clark,* 129 Cal.App. 136 [18 P.2d 752].

██ Another reason for upholding the judgment in favor of plaintiff is found in section 38, chapter 2, title 30, U.S.C.A. (U.S.Rev.Stats., § 2332) which provides in effect that when a person or an association and their grantors have held and worked their claims for the period of the state statute of limitations (in California five years), evidence of such possession and working the claims shall establish the right to a patent. This section has been frequently construed by the courts of this state which have consistently held that proof of possession and working claims for five years obviates the necessity of proof of valid location notices and is equivalent to proof of valid locations. (See *Altoona etc. Co.* v. *Integral etc. Co.,* 114 Cal. 100 [45 P. 1047]; *Dalton* v. *Clark, supra; McLean* v. *Ladewig,* 2 Cal.App.2d 21 [37 P.2d 502]; *Lind* v. *Baker,* 31 Cal.App.2d 631 [88 P.2d 777]; *Judson* v. *Herrington, supra.*)

Here, Page and his successors in interest had possession of the property and mined, shipped and sold bentonite from it for more than five years after January 4, 1930. Proof of these facts is sufficient to establish the right to a patent without proof of the valid locations by Page. Defendant and his associates did not attempt to locate the claim until July 1, 1935, after the expiration of the five year period. At that time the claims were lawfully in the possession of plaintiff and were not open to location. The attempted locations of the claims by defendant and his associates could create no valid

rights in them. (*Belk* v. *Meagher, supra; Ring* v. *United States· Gypsum Co.,* 62 Cal.App. 87 [216 P. 409]; *Lind* v. *Baker, supra; Judson* v. *Herrington, supra.*)

The judgment is affirmed.

Barnard, P. J., and Griffin, J., concurred.