In the Matter of the Application for Registration of Title to Estate No. 972, Taogam, Barrigada, Guam of Joaquin Quitugua TENORIO, Petitioner-Appellant,

v.

GOVERNMENT OF GUAM, Respondent-Appellee.

No. 73–1730.

United States Court of Appeals, Ninth Circuit.

May 17, 1974.

J. U. Torres (argued), Agana, Guam, for petitioner-appellant.

Charles D. Rogers, Asst. Atty. Gen. (argued), Agana, Guam, for respondent-appellee.

## OPINION

Before CHOY and SNEED, Circuit Judges, and KING,* District Judge.

PER CURIAM.

Appellant's application to register title to in excess of twenty hectares of Guam land was denied by the Island Court. The appellate division of the district court of Guam affirmed the denial. We also affirm.

Joaquin Sablan Tenorio and Maria Quitugua Tenorio, parents of applicant, conveyed to him by deed dated March 30, 1939 ". . . tract or parcel of land situated in the place called 'Tauguam,' formerly in the municipality of Agana, but now in that of Barrigada, which said tract of land measures 200 meters from East to West, and 250 meters from North to South, equivalent to an area of five hectares, and is bounded at the time of its inscription on the North, East and West by Mountain without known owner (government land), and on the South by the Beach."

The Government of Guam opposed registration of the land on the grounds that applicant's deed conveyed to him only five hectares, not twenty; applicant had been paying real estate taxes on five hectares, not twenty; and the survey accompanying the application was based on instructions from applicant and not on records or established monuments.

Appellant contends that the "Natural Monuments," the mountain bounding three sides of the land and the beach should control when they conflict with the courses and distances and area describing the land, citing, among other authorities, *McLean v. Ladewig,* 2 Cal. App.2d 21, 37 P.2d 502 (1934), and 23 Am.Jur.2d, Deeds, Section 240. The Government of Guam counters, arguing that the deed to even the five hectares is void for vagueness and indefiniteness because nothing in the deed specifies a starting point for the description of the

* The Honorable Samuel P. King, United States District Judge for the District of Hawaii, sitting by designation.

parcel conveyed; also that a general description must yield to a metes and bounds description, citing *Talbot v. Citizens National Bank,* 389 F.2d 207 (7 Cir. 1968).

After receiving some testimony including that of two surveyors, the Island Court found and concluded that appellant failed to show by a preponderance of the evidence that he is the owner in fee simple of Estate No. 972; that the term "Mountain without known owner" as used on Guam invariably refers to uncultivated government land and has been applied even to level land; and that the area in excess of the five hectares described in appellant's deed was government land which appellant could not acquire by adverse possession.

We find that substantial evidence supports the district court's findings and uphold its conclusion.

Affirmed.

## ORDER

The disposition in this appeal filed herein on May 17, 1974 as an unpublished Memorandum shall be amended by substituting the word "Opinion" for the word "Memorandum" in the caption of the disposition and by inserting the words "Per Curiam" immediately above the first sentence thereof.

As amended, the Opinion shall be published.